**Edward C. MacFARLANE**
**v.**
**The UNITED STATES.**
**No. 294–55.**

United States Court of Claims.
April 3, 1956.

Thomas H. King, Washington, D. C., for plaintiff. Dale L. Jernberg, Washington, D. C., was on the brief.

Edgar H. Brenner, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for the defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LARAMORE, Judge.

This is an action brought by plaintiff for retirement pay for 100 percent physical disability from March 29, 1948, to date.

Plaintiff alleges that after prior service in the United States Army in September 1942, he enlisted as a private in the United States Army and was commissioned later in the same month as an officer. Plaintiff served continuously on active duty until March 29, 1948, at which time he was relieved to inactive duty in the rank of major in the United States Army Reserve. As a result of alleged disease and injury suffered during plaintiff's service, plaintiff appeared before a disposition board on January 12, 1948, which stated that his disability was hypochondriasis anxiety and nervousness, and recommended that he be qualified for general service with waiver,[1] and that he appear before an Army retiring board. It was also found that his disability for military service was partial and permanent. Medical examination on January 16, 1948, at Letterman General Hospital, San Francisco, California, found that plaintiff was incapacitated for general service by reason of hypochondriasis. On March 25, 1948, when plaintiff was examined for relief to inactive duty at Letterman General Hospital, the following diagnoses were made:

"(1) Hypochondriacal reaction, chronic, moderate, manifested by anxiety, preoccupation with somatic complaints involving almost every bodily system *but mainly the gastro-intestinal tract and constant desire for* medical care and prolonged hospitalization. Predisposition: Moderate.

"(2) Defective hearing, mixed type, cause undetermined with strong functional component operating.

A. D. S. V. 10/20 W. V. 7/15 53 DB or 56.9% loss
A. S. 20/20 15/15 9 DB or 0.5% loss

"(3) Polyps, moderate, right middle meatus."

On March 29, 1948, plaintiff was relieved to inactive duty not by reason of physical disability.

On May 31, 1949, based upon application dated March 26, 1948, plaintiff was advised by the Veterans' Administration that he was awarded disability compensation based upon service connection with disabilities having a total rating of 100 percent effective March 30, 1948; he was then stated to have "A nervous condition, nerve deafness, amoebic dysentery with spastic colitis."

In February 1952 plaintiff made application to the Army Board for Correction of Military Records for correction of his record to show that his release from active duty was due to physical disability incurred in line of duty, in part the result of war service.

On October 8, 1952, the Board declined a hearing to consider the application. Thereafter, plaintiff requested reconsideration and the Board requested plaintiff to report to the Station Hospital, Fort Sheridan, Illinois, for medical evaluation.

On November 30, 1954, after extensive medical examination, plaintiff met a disposition board of three medical officers of the Navy. The board made findings as follows:

"1. Irritability of colon, #5732. LOD, Yes.

"2. Deafness, due to acoustic trauma, concussion brain, #8704. LOD, Yes.

---

[1]. War Department Circular 303, dated 9 October 1946, defines "general service with waiver" in the following manner:
"4b. To return to duty for general service with waiver of physical defects nonprogressive in character and of such slight degree as not to affect adversely performance of full duties appropriate to the officer's grade and branch."

"3. Conversion reaction, chronic, manifested by headaches, insomnia, hypochondrical complaints, G.I. complaints, inability to use left arm and irritability, # 3112. LOD, Yes."

The board then determined that plaintiff became incapacitated for military duty on October 18, 1954; that the approximate date of origin of each incapacity was (1) June 1944, (2) January 1944, and (3) January 1944; that disclosure to the patient of information relative to his mental or physical condition will adversely affect his physical or mental health; that patient is considered to be mentally competent to manage his own affairs; and that patient is not considered to be dangerous to himself or to others. The board further found that the cause of incapacity was incident to service; that it did not exist prior to entry on active duty; that plaintiff had received the maximum hospital benefit; that the degree of disability for military service was permanent; and recommended no type of service. The board then recommended that he appear before a physical evaluation board. On December 7, 1954, plaintiff met an advisory physical evaluation board which found that he was physically fit at the time of his separation from service. Thereafter, on December 16, 1954, a detailed statement of plaintiff was forwarded to the Army Board for Correction of Military Records.

Plaintiff alleges that on January 14, 1955, the Army Board for Correction of Military Records arbitrarily, capriciously, and without force of law, denied his request for a hearing. Plaintiff further alleges that it was apparent on the face of his records that he was physically disabled and entitled to be retired at the time of his release from active duty on March 29, 1948, by reason of the findings of the medical disposition board to the effect that he had disabilities physically disqualifying him unless such disabilities were waived for the convenience of the Government.

The petition, filed July 29, 1955, claims entitlement to retirement pay for 100 percent physical disability from March 29, 1948, to the date of any judgment rendered herein.

The defendant has moved to dismiss the petition for the reason that on the face thereof the court lacks jurisdiction of the subject matter, plaintiff's claim being barred by the 6-year statute of limitations, 28 U.S.C.A. § 2401(a).

Plaintiff argues that it is only necessary for his petition to show on its face either the accrual of the claim within the 6-year period or a disability which has tolled the statute, and says the petition shows that he was 100 percent physically disabled. In support of the latter contention, plaintiff cites the rating of the Veterans' Administration. However, this contention was rejected in the case of Holliday v. United States, 128 Ct.Cl. 647, 649, wherein this court said: "* * * The Veterans' Administration's decision that the plaintiff was entitled to compensation on the basis of 40 percent disability was made under a different law, apparently administered more liberally."

This case is unlike the case of Gordon v. United States, Ct.Cl., 140 F.Supp. 263. In the Gordon case the right of plaintiff was fixed by law and no facts not of record were needed in the determination of his claim. In the instant case plaintiff's entitlement for retirement pay is dependent upon a determination by the retiring board of the facts existing on the day he was "relieved to inactive duty not by reason of physical disability." This would, unlike the Gordon case, supra, not be a continuing claim, and it was on that day his cause of action accrued. The statute has given him six years from that date to file his petition. His release from duty was March 29, 1948, and the petition was filed in this court on July 29, 1955, more than six years thereafter.

Plaintiff alleges that the action of the Army Board for Correction of Military Records was arbitrary in declining to consider his application and apparently says his cause of action accrued on that day.

This court has, on numerous occasions, struck down that theory and recently, in the case of Cuiffo v. United States, 137 F.Supp. 944, 131 Ct.Cl. 60, and Girault v. United States, 135 F.Supp. 521, this court held that since the pursuit of the administrative remedy was permissive only and not mandatory, the limitation statute was not tolled while it was being pursued.

Plaintiff's cause of action accrued on March 29, 1948, when he was released from active duty. The petition was filed in this court on July 29, 1955, more than six years thereafter, and is barred by the 6-year limitations statute, supra.

Defendant's motion is granted, and plaintiff's petition is dismissed.

It is so ordered.

WHITAKER and LITTLETON, Judges, concur.

MADDEN, Judge, concurs in the result.

JONES, Chief Judge (dissenting).

I respectfully dissent. In this case it is admitted that the disease or injury had its inception or was incurred during plaintiff's active service. It is also apparent that at the time he was released to inactive service such injury or disease had not reached the disabling stage. A Disposition Board on January 12, 1948, so found. On January 16, 1948, the Letterman General Hospital so found. In both instances the medical examiners found that his disability at that time was only partial, and that he was still qualified for special service.

When in February 1952 plaintiff made application to the Army Board for Correction of Military Records, for correction of his record, the Board declined to grant a hearing, but requested plaintiff to report to the Station Hospital, Fort Sheridan, Illinois, for medical evaluation.

On November 30, 1954, after extensive medical examination, a board of three medical officers of the Navy determined that plaintiff became incapacitated for military duty on October 18, 1954, that the trouble had its inception as an incident of the service, but that to disclose plaintiff's physical condition to him would adversely affect his health. The board recommended that he appear before an advisory physical evaluation board, which latter on December 7, 1954, found that he was not physically disabled *at the time* he was released to inactive duty. The entire record was then forwarded to the Army Board for Correction of Military Records.

The Correction Board denied plaintiff's request for a hearing, which plaintiff alleges was arbitrary and capricious and therefore without force of law.

Section 931 of Title 10, U.S.C.A., in effect until repealed in 1949,[1] provided that an Army officer may either be retired from active service or wholly retired as thereinafter provided.

Section 1023 of the same title is as follows:

"Officers retired from active service shall be entitled to wear the uniform of the rank on which they may be retired. They shall continue to be borne on the Army Register, and shall be subject to the rules and articles of war, and to trial by general court-martial for any breach thereof."

Thus it will be seen that an Army officer retired from active service is still in the service and subject to call into active service.

I think there is no doubt that an officer may have an injury or disease or both, that had inception in the service but that did not become disabling until later, and that when it became disabling it would entitle him to retirement as of the date the disease or injury became actually disabling.

On August 28, 1947, in a Navy case the Bureau of Medicine and Surgery in

---

1. Any rights, benefits or privileges that might have existed for any member of the uniformed forces were exempted from the repeal provision.

passing on the question of whether retirement should be recommended on account of a disease that had its inception in the service, made the following statement:

"* * * The condition constitutes no disability at this time. This condition may or may not progress to the point of causing incapacity at some future date. If so that will be the time to afford him a hearing before a Naval Retiring Board."

The Army and Navy retirement statutes are substantially the same.

I agree that application for correction of military records is not mandatory. I do not regard that as the issue here. The real issue here is whether retirement with pay may be of the date when a disease or injury becomes actually disabling, or whether it must be dated back through the years to the date of inception. In other words, that no matter how clearly a battle wound or disease may have been the result of active service, if it has not progressed to the point of disabling him for active military service at the time of his release to inactive service, an officer cannot be so retired no matter how helpless he may later become. I cannot interpret the statutes in such an unjust fashion.

In this case there is no doubt plaintiff's trouble was service connected. There is little doubt that it was not disabling at the time he was released to inactive service. It may be assumed that he had not reached the point of being disabled at the time he appeared before an Army Retiring Board on January 12, 1948. The Retiring Board so found and held that he was at that time qualified for limited service.

The Board for Correction of Military Records declined to consider his application for correction on October 8, 1952, but did request the plaintiff to report to the Station Hospital at Fort Sheridan for medical evaluation.

On November 30, 1954, a Disposition Board of three medical officers of the Navy after extensive medical examination, determined that plaintiff became incapacitated for military service on October 18, 1954.

This was the first time any medical board had found that plaintiff's condition rendered him disabled for military service.

The Board for Correction of Military Records, in spite of the finding of this medical board which had acted on its own suggestion, denied plaintiff's request for a hearing. This action plaintiff claims was arbitrary and capricious.

I do not see how plaintiff could have maintained a suit before October 8, 1952, when the Army Board for Correction of Military Records first declined a hearing to consider his application for correction of his military record, and probably not before November 30, 1954, when for the first time a board of medical officers found that plaintiff's condition disabled him for military service, and that it became disabling as of October 18, 1954. What basis did plaintiff have for suit before that date?

If he had sued before that time the action could not have been sustained because his condition would not have been disabling. If he waited until the condition became disabling he, according to the majority opinion, would be barred by the statute of limitations. Thus regardless of merit and no matter how complete his disability the language would preclude him. Any language that is not in a state of dover should do better than that.

I would refer the case to a commissioner of the court to hear evidence as to when plaintiff's condition became actually disabling. I do not think he could maintain a suit before that time and the statute of limitations should not begin to run until such time as the condition became disabling for military service.

Regardless of whether the Board for Correction of Military Records was justified in denying plaintiff a hearing, I don't want the decision of this court to be either arbitrary or premature.

I think we should first get the facts.