**415**

**William R. BARKER**

v.

**The UNITED STATES.**

No. 104–55.

United States Court of Claims.

May 1, 1956.

Paul R. Harmel, Washington, D. C., for plaintiff.

LeRoy Southmayd, Jr., Washington, D. C., Joseph D. Guilfoyle, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LARAMORE, Judge.

Plaintiff, a former officer in the Army of the United States, seeks to recover disability retirement pay from July 25, 1946, when he was relieved from active duty, not by reason of physical disability, to February 18, 1947, when he was recalled to active duty; and from May 14, 1947, when plaintiff was again relieved from active duty, not by reason of physical disability, to date of judgment.

The allegations of the petition, together with the exhibits attached thereto, show the following facts with reference to plaintiff's service record.

Plaintiff was appointed a second lieutenant, Infantry, Officers' Reserve Corps, May 31, 1942; promoted to first lieutenant, Army of the United States, July 17, 1943; promoted to captain, Army of the United States, March 27, 1946; appointed captain, Infantry, Officers' Reserve Corps, March 28, 1946; relieved from active duty on July 25, 1946, "not by reason of physical disability"; appointed first lieutenant, Army of the United States, February 7, 1947, vacating commission as captain, Army of the United States; recalled to active duty February 18, 1947; promoted to captain, Army of the United States, May 8, 1947; relieved from active duty May 14, 1947, "not by reason of physical disability"; transferred to Honorary Reserve, April 6, 1951; appointed captain, Honorary, United States Army Reserve, November 12, 1952; commission as captain, Army of the United States, terminated April 1, 1953, by operation of law; and plaintiff is now a captain, Retired Reserve. He is credited with the following periods of active service as a commissioned officer: June 11, 1942,

to July 25, 1946; February 18, 1947, to May 14, 1947; and February 23, 1951, to February 23, 1951. The petition alleges that plaintiff was wounded in combat with the enemy on four separate occasions for which he was hospitalized.

The certificate of the Department of the Army establishes that on March 27, 1947, plaintiff appeared before an Army retiring board which convened at Murphy General Hospital, Waltham, Massachusetts. The finding of the board was: "1st Lt. William R. Barker is *not* permanently incapacitated for active service." Recommendation of the board was: "Full military duty, with a waiver for moderate left ulnar deformity, and mild limitation of supination and pronation, left." These findings were concurred in by The Surgeon General and approved By Order of the Secretary of War on April 24, 1947. On May 14, 1947, plaintiff was thereupon relieved from active duty "not by reason of physical disability," under Special Orders No. 40, dated May 7, 1947.

During the Korean emergency the plaintiff was ordered to one-day active duty for the purpose of undergoing a physical examination, under Special Orders No. 38, dated February 21, 1951. On February 23, 1951, the plaintiff was examined for extended active duty at the U. S. Army Dispensary, Boston Army Base. The medical examiner noted the scarring resulting from a shrapnel wound, the resultant bone graft, and the loss of motion attendant thereto. Based upon the loss of motion, the examiner concluded that the plaintiff was not physically qualified for extended active duty. Thereafter, on April 6, 1951, plaintiff was transferred from the Inactive Reserve to the Honorary Reserve by reason of being "permanently physically disqualified," pursuant to Special Orders No. 69.

Plaintiff's request to reopen his retirement proceedings was denied by the Department of the Army under dates of June 18, 1951, and April 4, 1952. Plaintiff was advised that authority did not exist for considering his case under the Career Compensation Act of 1949, 63 Stat. 802, 37 U.S.C.A. § 231 et seq., and since plaintiff's release from active service was not the result of a retiring or disposition board action, his case was not eligible for review under section 302 of the Servicemen's Readjustment Act of 1944, 58 Stat. 284, 287, as amended, 38 U.S.C. § 693i, 38 U.S.C.A. § 693i.

On February 26, 1952, plaintiff filed an application with the Army Board for Correction of Military Records, pursuant to section 207 of the Legislative Reorganization Act of 1946, 60 Stat. 812, 837, as amended by the Act of October 25, 1951, 65 Stat. 655, 5 U.S.C.A. §§ 191a, 275. Plaintiff's application requested that the action of the retiring board of active duty, incapacitated for active March 27, 1947, be corrected to show that he was, on the date of initial relief from service and entitled to be retired.

On December 5, 1952, the plaintiff was informed by the Adjutant General as follows:

"A thorough examination of your military, medical and Veterans Administration records, together with the information submitted by you, fails to reveal any evidence of error or injustice relative to your separation from active service not by reason of physical disability. In this connection, you did not have sufficient disability on 25 July 1946, to warrant your retirement for physical disability under the rules, laws, and regulations in effect at that time.

"The administrative procedures established by the Secretary of the Army for the guidance of the Army Board for Correction of Military Records provide that an application for a hearing by the Board may be denied when a sufficient basis for review has not been established.

"I regret to advise you that careful consideration by the Army Board for Correction of Military Records, of your Army records, together with such facts as have been presented by you, fails to establish sufficient basis for a hearing of your case by the Board. Therefore, in

the absence of additional material evidence, no further action on your application is contemplated."

The official records on file in the Office of the Adjutant General further disclose that on September 20, 1953, the plaintiff requested the Secretary of the Army to reconsider his application for correction of his records; and that on October 14, 1953, the plaintiff was informed by the Executive Secretary of the Army Board for Correction of Military Records that his application had again been thoroughly reviewed but a basis for relief had not been established.

Plaintiff continued to protest his separation "not by reason of physical disability." The official records on file in the Office of the Adjutant General disclose that on April 30, 1954, plaintiff was authorized to report to Walter Reed Army Medical Center, "for the purpose of undergoing a complete medical examination, appearance before a Medical Board and if warranted, appearance before a Physical Evaluation Board". Subsequently, for the convenience of the plaintiff, this authority was amended to permit plaintiff to report to the U. S. Army Hospital, Fort Devens, Massachusetts.

On May 20, 1954, plaintiff underwent a thorough medical examination at Fort Devens. The medical examiner noted the following defects:

"Left scarred drum
Hypertrophic astigmatism
Left ulnar deformity, mild limitation of supination and pronation
Small scar right knee
Scar right knee (bone graft) vertical 20 cm long"

The examiner concluded that the plaintiff was "qualified for General Duty."

On August 25, 1954, plaintiff's case was considered by a board of medical officers. The board, after noting plaintiff's defects in technical medical terms, was required to "State Disability In Nontechnical Language." In response thereto, the board stated as follows:

"Loss of some tissue left forearm, moderate limitation of rotation, left forearm; pain in scar in right leg."

The board concluded that the plaintiff was "Not Incapacitated" for military duty and "was capable and is capable of performing general military service in a limited capacity."

Plaintiff has been receiving disability compensation from the Veterans' Administration during the period covered by the present claim.

This case comes before the court on plaintiff's and defendant's motions for summary judgment. The defendant in its motion for summary judgment has raised the question of the statute of limitations, 28 U.S.C. § 2501, which provides in pertinent part as follows:

"Every claim of which the Court of Claims has jurisdiction shall be barred unless the petition thereon is filed, or the claim is referred by the Senate or House of Representatives, or by the head of an executive department within six years after such claim first accrues."

Plaintiff was released from active duty on July 25, 1946, not by reason of physical disability, without retirement pay. On February 18, 1947, plaintiff was recalled to active duty for the purpose of physical reevaluation, and on March 27, 1947, plaintiff was found by a retiring board qualified for general service with a waiver. This decision was approved by the Secretary of War on April 27, 1947. On May 14, 1947, he was again released to inactive duty without retirement pay. His right of action accrued only when the retiring board acts arbitrarily or otherwise unlawfully. Odell v. United States, Ct.Cl., 139 F.Supp. 747. It was on this date (May 14, 1947) that plaintiff's cause of action accrued.

Plaintiff's petition was filed March 14, 1955, more than six years after the approval of the retiring board's action by the Secretary of War. Therefore, the claim is barred by the statute of limitations, supra.

The fact that administrative proceedings were being pursued during the intervening period between the date of his release from active duty and the filing of his petition, does not aid the plaintiff. This court on numerous occasions has held that pursuit of permissive administrative remedies does not toll the statute of limitations. Cuiffo v. United States, 137 F.Supp. 944, 131 Ct.Cl. 60; Girault v. United States, Ct.Cl. 135 F. Supp. 521; MacFarlane v. United States, Ct.Cl., 140 F.Supp. 420.

Plaintiff's motion for summary judgment is denied. Defendant's motion for summary judgment is granted, and plaintiff's petition is dismissed.

It is so ordered.

WHITAKER and LITTLETON, Judges, concur.

JONES, Chief Judge, and MADDEN, Judge, concur in the result.