**Charles Edward VAUGHN**

v.

**The UNITED STATES.**

**No. 355-54.**

United States Court of Claims.

July 12, 1956.

Guy Emery, Washington, D. C., Harry E. Wood and Ansell & Ansell, Washington, D. C., on the briefs, for plaintiff.

LeRoy Southmayd, Jr., with whom was George Cochran Doub, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

MADDEN, Judge.

The plaintiff, a former commissioned officer of the Army Reserve who served on active duty during World War II and thereafter, sues for retired pay.

The plaintiff's active duty began on July 8, 1942, and ended on August 19, 1947. He began as an enlisted man and ended as a captain. On April 15, 1946, he was hospitalized in Fitzsimons General Hospital, Denver, Colorado. On June 6, he appeared before a disposition board which found that he was totally and permanently disabled for military service by reason of anxiety reaction incurred in line of duty and recommended that he be ordered to appear before an Army retiring board. On June 12, such a board found that he was not permanently incapacitated and recommended six months' limited service and reexamination. On December 20, a disposition board found that he was totally and permanently disabled in line of duty, and recommended another appearance before a retiring board. On January 2, 1947, a retiring board found that he was not permanently incapacitated and recommended six months' sick leave and reexamination.

On April 8, a disposition board found that the plaintiff was totally and permanently disabled and recommended that he be ordered before a retiring board. On April 10, a retiring board found that he had been permanently incapacitated for active service on April 15, 1946; that his incapacity originated about April 1945, and was a result of an incident of the service. By letter of May 8, 1947, from the Surgeon General, expressing his nonconcurrence, the proceedings were returned to the retiring board. On June 11, the Board found that the plaintiff's disability was not an incident of the service and was not aggravated thereby.

As we have seen, the plaintiff was released to inactive duty on August 19, 1947. He appeared before the Army Disability Review Board on September 5, 1951. That board found that the plaintiff was permanently incapacitated for active service, his incapacity originating about April 1945, and became incapacitating on April 15, 1946. It reversed the approval by the Secretary of War of the findings of the three retiring boards, recited above. The findings of the Disability Review Board were approved by the President, acting through the Adjutant General, on September 5, 1951. The plaintiff was thereupon certified to the Army Finance Office for retirement pay as a captain, effective October 1, 1951.

The plaintiff received his retired pay until April 30, 1952, when payments were discontinued by reason of a General Accounting Office exception which stated that the Disability Review Board and the President had no power to grant the plaintiff retired pay because he had not been released from active duty by reason of physical disability.

The creation of Disability Review Boards was authorized by section 302(a) of the Servicemen's Readjustment Act of 1944, 58 Stat. 287, 38 U.S.C.A. § 693i. It provides in pertinent part:

"(a) The Secretary of the Army, the Secretary of the Air Force, the Secretary of the Navy, and the Secretary of the Treasury are authorized and directed to establish, from time to time, boards of review com-

posed of five commissioned officers, two of whom shall be selected from the Medical Corps of the Army, Air Force, or Navy, or from the Public Health Service, as the case may be. It shall be the duty of any such board to review, at the request of any officer retired or released from active service, without pay, for physical disability pursuant to the decision of a retiring board, board of medical survey, or disposition board, the findings and decisions of such board * * *."

In Womer v. United States, 84 F.Supp. 651, 114 Ct.Cl. 415, and other cases including Frame v. United States, 124 Ct. Cl. 557, certiorari denied 345 U.S. 994, 73 S.Ct. 1136, 97 L.Ed. 1401, the retiring boards had held that the plaintiffs were incapacitated for active service, but that their incapacities were not incidents of service. The Disability Review Boards had reversed the retirng boards and held that the incapacities were the results of incidents of service. The power of the Disability Review Board was clear in those cases. The only question litigated was that of whether retired pay was owing from the date of release from active service, or only from the date when the officer was placed on the retired list. We held that the former date was controlling.

The Government says that the Comptroller General was right in interpreting section 302 as applying only to situations like that of Womer and the other officers referred to above, who had been released for disability held by the retiring boards not to be service-connected. It will be remembered that in the instant case three disposition boards held that the plaintiff was totally and permanently disabled, a retiring board had held that he was not permanently disabled and had recommended six months' limited service with reexamination, a second retiring board had held he was not permanently disabled and had recommended six months' sick leave with reexamination, a third retiring board had held the plaintiff to be permanently dis-

abled, but had reconsidered and reversed its decision when the Surgeon General expressed his nonconcurrence. In its second decision it found that the plaintiff's incapacity existed prior to entry into service, and was not aggravated by the service. If the decision had stopped there, one might have assumed that the board meant that the plaintiff was incapacitated, but not entitled to retired pay because the incapacity was not an incident of the service. In that case the Disability Review Board would clearly have had jurisdiction, as in Womer and Frame, supra. But the board said, "His separation from the service was purely on personal grounds and not because of illness affecting his performance of duty." It should be observed that at the time this was written the plaintiff was in active service, having been recalled six months before for observation, treatment, and appearance before the retiring board.

In all these proceedings, it seems that no one really thought that the plaintiff was fit for active duty. The three disposition boards found him permanently incapacitated, the retiring boards recommended six months' limited duty and reexamination, then six months' sick leave and reexamination, then permanent incapacity, later changed to no incapacity, but leaving the service on personal grounds. At the time of the last decision, the plaintiff was, as we have seen, in the service on recall only for observation, treatment, and appearance before a retiring board. When those purposes were served, he would, as everybody knew, be released, as any Reserve officer may be at any time.

If the Disability Review Board had no power, as the Government says it had not, to review the question whether this officer was incapacitated when released, and to find that the numerous decisions that he was so incapacitated were right, and the three decisions, two of which were only tentative, were wrong, Congress in section 302 drew a very fine line as to the limits of the Disability Review Board's jurisdiction to correct the

Army's errors. We can imagine no reason why such a line should be drawn at that point. When, as in Womer and Frame, supra, the Army's error is in concluding that the disability was not service-connected, the error may be corrected. When, as in this case, after a prolonged controversy as to whether the admitted incapacity had attained a disabling degree, the Army erroneously concludes that it has not attained such a degree, though everybody assumes that the officer will and must get out of active service, the error is beyond correction, according to the Government's reading of the statute.

We think that the statute, which we have quoted above, is susceptible of a reading which will not close the door forever upon mistakes of the Army with regard to the question of the degree of an officer's disability, at least in cases where it is assumed by all concerned that the officer is to be released from the service. In such cases, the conclusion of the retiring board as to the degree of disability, when it has already held, as in this case, that the disability was not service-connected, is practically unimportant, and is likely to be casual and in the nature of a *dictum*, such as the board's observation in the instant case that the plaintiff's separation, after months of limited service, sick leave, and hospitalization for observation was "purely on personal grounds." We think that section 302 means that if an officer is released, without retired pay, on a finding that he was not disabled, and the Disability Review Board finds that he was disabled, it may, with the approval of the President, correct the error and grant retired pay.

The plaintiff, when his retired pay was stopped because of the Comptroller General's ruling, could have come to this court for a review of the legality of that ruling. He was in possession of the favorable decision of the Disability Review Board, approved by the President. Instead, he went to the Army Board for the Correction of Military Records asking it to affirm what the President's Disability Review Board and the President had decided. That Board should have told him that he already had, from the President himself, what he was asking for. Instead, it assumed to review and reverse the decision of the President's Disability Review Board, approved by the President. The plaintiff applied to the Board for the Correction of Records, and that Board took jurisdiction, only because it was assumed that the President had acted without authority in granting the plaintiff retired pay. That assumption was erroneous. The Board for the Correction of Records did not have the power to reverse the President, and its action will be disregarded. Defendant's motion for summary judgment is denied. The plaintiff's similar motion is granted. Plaintiff is entitled to recover and judgment is entered to that effect with the amount of recovery to be determined pursuant to Rule 38(c), 28 U.S.C.A.

It is so ordered.

JONES, Chief Judge, and WHITAKER and LITTLETON, Judges, concur.

LARAMORE, Judge (dissenting).

I respectfully dissent for the reason the Disability Review Board acted beyond its authority when it found that plaintiff was permanently incapacitated for active service and that said incapacity originated during the period of plaintiff's active service.

Section 302(a) of the Servicemen's Readjustment Act of 1944, supra, provides that " * * * It shall be the duty of any such board to review, at the request of any officer retired or released from active service, without pay, for physical disability pursuant to the decision of a retiring board, * * *."

Thus, under the plain wording of the statute, plaintiff must have been released from active service without pay for physical disability pursuant to a decision of a retiring board in order to give the Disability Review Board jurisdiction.

Plaintiff was not released for physical disability. In fact, the Army Retiring Board found plaintiff not permanently incapacitated.

I would grant defendant's motion for summary judgment.