Eugene S. CONLIN
v.
The UNITED STATES.
No. 230–56.

United States Court of Claims.
Dec. 5, 1956.

Lewis Landes, New York City, for plaintiff.

LeRoy Southmayd, Jr., Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LARAMORE, Judge.

This is a claim for disability retirement pay by a former Reserve Corps officer of the Army of the United States.

The facts as alleged in plaintiff's petition show that he was engaged in military activities since 1937, both in the United States and overseas. He was examined on various occasions by Army doctors, in connection with his military duties, and found to be in sound physical condition. On September 20, 1945, plaintiff was examined physically at the Separation Center of the U. S. Army, Fort Dix, New Jersey, prior to his separation from the service, and was ordered to the Tilton General Hospital, Fort Dix, for further observation. On November 20, 1945, plaintiff was operated on and his right kidney was removed.

On April 11, 1946, an Army disposition board recommended that plaintiff be ordered to appear before a retiring board. Thereafter, on May 1, 1946, an Army retiring board found that plaintiff was not permanently incapacitated for active service. On August 27, 1946, plaintiff reverted to an inactive status.

On September 3, 1946, plaintiff was awarded compensation from the Veterans Administration based on a disability rating of 100 percent.

On February 26, 1947, plaintiff again appeared before a retiring board, and again the board refused to recommend that plaintiff be granted retirement for physical disability.

On October 24, 1947, plaintiff was informed by the Veterans Administration that after April 1, 1947, he would be rated by the Veterans Administration as 60 percent disabled.

On July 29, 1948, plaintiff was informed by the War Department (now Department of the Army) that a review of his medical record showed he might have an incapacitating defect and he was authorized, at his own expense, to enter Walter Reed Hospital for observation and, if warranted, he could appear before an Army retiring board.

On March 1, 1949, after examination at Walter Reed Hospital, plaintiff again appeared before an Army retiring board, and again the Army retiring board refused to recommend that plaintiff be granted disability retirement benefits.

Since the time of the last retiring board action plaintiff was examined twice by Army doctors in connection with his then Reserve status, and each time he was found to be physically disqualified to perform the duties of his office. On February 20, 1952, plaintiff was transferred from his Reserve status to that in the Honorary Reserve, Army of the United States, for reasons physical.

On July 8, 1955, and various times thereafter, plaintiff made application to the Department of the Army, to grant him opportunity to appear before an Army retiring board. Each time permission was refused.

On September 2, 1955, plaintiff made application to the Army for a consideration of his application by the Army Board for Correction of Military Records. On February 8, 1956, plaintiff's application was denied.

On April 27, 1956, plaintiff was informed that his application to appear before an Army board of review had been denied.

In this posture of the case the defendant has moved to dismiss plaintiff's petition on the ground that the claim is barred by the statute of limitations, 28 U.S.C. § 2501, which provides that:

"Every claim of which the Court of Claims has jurisdiction shall be

barred unless the petition thereon is filed within six years after such claim first accrues."

Plaintiff appeared before three retiring boards, i. e., May 1, 1946, February 26, 1947, and March 1, 1949, all of which found him not permanently incapacitated for service. There is no contention here that the retiring boards' proceedings were not approved by the Secretary of the Army, hence it can be assumed said proceedings were approved. At any rate, plaintiff knew first on May 1, 1946, that he would not be granted retirement pay. In fact, plaintiff has alleged in rhetorical paragraph 34 of his petition that the action of the United States Army in releasing him to inactive duty as aforesaid, without disability retirement pay, was arbitrary, capricious, without authority and law, and that he is entitled to disability retirement pay as a Major, Army of the United States, and that he as such is entitled to the disability retirement pay of $237.20 per month from August 27, 1946, and in addition any and all increases granted retired officers by law, less any Veterans Administration disability compensation received by the plaintiff during this entire period.

The foregoing allegation conclusively shows that plaintiff thought he had a right of action at the time he was released to inactive duty and is now claiming rights from that date.

It was on May 1, 1946, that all events had transpired to give plaintiff a right of action on his claim and it was then his cause of action first accrued. Rosnick v. United States, 132 F.Supp. 478, 132 Ct.Cl. 1; Girault v. United States, 135 F.Supp. 521, 133 Ct.Cl. 135; Duff v. United States, 135 F.Supp. 527, 133 Ct.Cl. 161; Odell v. United States, 139 F.Supp. 747, 134 Ct.Cl. 634; Levine v. United States, 137 F.Supp. 955, 133 Ct. Cl. 774; Soukaras v. United States, Ct. Cl., 140 F.Supp. 797.

Plaintiff's application to the Army Board for Correction of Military Records would not toll the running of the statute of limitations. Cuiffo v. United States, 131 Ct.Cl. 60; Girault v. United States, supra; MacFarlane v. United States, 140 F.Supp. 420, 134 Ct.Cl. 755.

Plaintiff's claim first accrued when he reverted to an inactive status pursuant to the action of the Army retiring board, or at the very latest on March 1, 1949, the last action of the retiring board. The petition was filed May 29, 1956, more than six years thereafter and is barred by the statute of limitations, supra.

Defendant's motion is granted, and plaintiff's petition is dismissed.

It is so ordered.

JONES, Chief Judge, and WHITAKER, Judge, concur.

LITTLETON and MADDEN, Judges (dissenting).

We do not agree with the opinion of the majority of the court which results in the dismissal of plaintiff's entire claim. This is a suit to recover unpaid installments of disability retired pay which plaintiff claims were due him under applicable statutes and were wrongfully denied him by the Government each month as such pay became due, beginning with August 31, 1946, following his allegedly wrongful release to inactive duty without disability retirement or disability retired pay on August 27, 1946. The petition was filed on May 29, 1956, and the defendant has filed its motion to dismiss solely on the ground that the claims stated therein are barred by the statute of limitations. 28 U.S.C. § 2501.

Suits for periodic installments of pay arising under or founded upon an act of Congress involve multiple causes of action, each of which accrues on the date when under the applicable act the pay is due and is wrongfully withheld, and the six-year statute of limitations runs separately on each such claim for pay from the date on which it is due and not paid. See Cannon v. United States, Ct. Cl., 146 F.Supp. 827, and Furlong v. United States, Ct.Cl., 146 F.Supp. 823, and cases cited therein. See also Gordon v. United States, 134 Ct.Cl. 840. It would therefore follow that plaintiff's petition herein should be dismissed only

as to those installments of disability retired pay claimed which were due and unpaid more than six years prior to the filing of his petition on May 29, 1956. McCormick v. United States, 109 F.Supp. 718, 124 Ct.Cl. 111.

Although the judges participating in the majority opinion in this case appear to have conceded in the Gordon case, supra, that suits for recovery of unpaid installments of retired pay involve multiple causes of action on which the statute of limitation runs separately from the time the pay is due and not paid and that claims for those installments which accrue within the six years prior to the filing of the petition are timely within the meaning of the statute of limitations, in the instant opinion the majority seems to hold that a suit for wrongfully withheld disability retired pay involves but one cause of action. The majority opinion herein is not altogether clear as to when that one cause of action accrued. At one point the majority states that it was on May 1, 1946, several months *before* plaintiff was released to inactive duty, "that all events had transpired to give plaintiff a right of action on his claim and it was then his cause of action first accrued." We cannot think just what cause of action plaintiff would have had at that particular time of which the Court of Claims could have taken jurisdiction. Certainly plaintiff had no cause of action for retired pay while he was still on active duty, and inasmuch as this court's jurisdiction is limited to the rendition of money judgments, we believe this conclusion of the majority is in error. The events which must transpire before a plaintiff has a right of action to recover pay are that the pay must be due and the Government must have refused to make payment. Plaintiff's suit is to recover disability retired pay. On May 1, 1946, plaintiff was still on active duty and no retired pay was then due him.

Finally the majority opinion states that plaintiff's claim for disability retired pay first accrued on August 27, 1946, when he reverted to inactive status,

or at the very latest on March 1, 1949, when the last action of a retiring board took place. On August 27, 1946, when plaintiff was released to inactive status, the Government did not owe him any part of the pay sued for, i. e., disability retired pay, and therefore no cause of action for such pay accrued on that date. The retiring board's decision issued on March 1, 1949, may have been the Army's "last word" on *why* it was not going to grant plaintiff's request to retire him for disability and give him disability retired pay, but if, despite that decision, plaintiff was entitled under a statute to receive such pay, he was entitled to receive it beginning with the end of the month in which he was released from active duty and for every month thereafter.

We think that defendant's motion to dismiss the petition should be granted as to all installments of disability retired pay which were claimed to be due and not paid more than six years prior to the filing of plaintiff's petition, and should be denied as to all installments claimed to be due and not paid within the six years prior to such filing.