Marjorie J. PRICE
v.
The UNITED STATES.
No. 422–55.

United States Court of Claims.
March 6, 1957.

Paul R. Harmel, Washington, D. C., for plaintiff. Geiger & Harmel, Washington, D. C., were on the brief.

Kathryn H. Baldwin, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

WHITAKER, Judge.

Plaintiff sues for disability retirement pay.

She was on active duty as a Second Lieutenant in the Army Nurse Corps from April 17, 1942, to October 14, 1945, serving for the most part in the North African and European Theaters of War.

In April 1944 she sustained an injury to her back in a jeep accident, but continued her duties until finally, in December, partly as a result of the injury and partly from overwork, she collapsed and was returned to the United States and sent to Ashburn General Hospital in Texas on March 8, 1945.

While at the hospital, she went before a Disposition Board, which found her fit for general duty and ordered her on terminal leave until October 14, 1945, when she was discharged.

She did not request a hearing before a Retiring Board, and registered no protest against the action of the Disposition Board until July 23, 1953, nearly eight years later, when she applied to the Army Board for Correction of Military Records for a determination of her eligibility for retirement pay. She alleged that at the time she appeared before the Disposition Board prior to her separation, there was a temporary remission of her symptoms, which created the impression that her condition was better than it actually was, and that in consequence an injustice had been done her. She asked that she be permitted to appear before a Physical Evaluation Board or the Board for the Correction of Military Records.

She was sent to Walter Reed Hospital for examination. Afterwards, a board of three doctors found that she was not entitled to appear before a Retiring Board. Later, the Board for the Correction of Military Records denied her application for a rehearing.

■■ We have held many times that jurisdiction is conferred on the Army

182

boards and the Secretary to determine a person's fitness for Army service and his or her eligibility to retirement for disability, and that this court has no jurisdiction in the matter unless the Board and the Secretary acted arbitrarily, or otherwise unlawfully. The facts alleged do not show arbitrary action.

Moreover, plaintiff's right to sue in this court accrued, if at all, when the Disposition Board on June 30, 1945, found her fit for general duty, instead of ordering her before a Retiring Board. Mac-Farlane v. United States, 140 F.Supp. 420, 134 Ct.Cl. 755; Girault v. United States, 135 F.Supp. 521, 133 Ct.Cl. 135; Odell v. United States, 135 F.Supp. 539, 134 Ct.Cl. 634; Rosnick v. United States, 132 F.Supp. 478, 132 Ct.Cl. 1, rehearing denied 129 F.Supp. 958, 132 Ct.Cl. 6. This was more than six years before the filing of her petition.

Defendant's motion to dismiss is granted, and plaintiff's petition is dismissed.

It is so ordered.

LARAMORE, Judge, concurs.

JONES, Chief Judge, concurs in the result.

LITTLETON and MADDEN, Judges (concurring in part and dissenting in part).

Defendant has moved to dismiss plaintiff's petition on two grounds: (1) that the petition does not state a claim within the jurisdiction of this court, and (2) that if plaintiff has stated a claim within the jurisdiction of the court, her entire claim is barred by the 6-year statute of limitations applicable to suits in this court.

Plaintiff contends that she has stated a claim cognizable by this court because, in her opinion, applicable law and regulations entitled her to a "full and fair hearing" before an Army Retiring Board prior to her discharge from the service and, she alleges, such hearing was illegally denied to her. Plaintiff also urges that

under applicable law and regulations she was entitled to a hearing before the Army Board for the Correction of Military Records and was illegally denied such hearing.

Because we find no merit in either of plaintiff's contentions, we concur in the opinion that she has not stated a claim cognizable by this court. R.S. § 1253, 10 U.S.C.A. § 966, relied on by plaintiff as entitling her to a hearing before an Army Retiring Board, provides that such a hearing shall be granted "if, upon due summons, he demands it." From the pleadings herein it appears that plaintiff did not demand such a hearing and accordingly there was nothing illegal or arbitrary about her discharge without such a hearing.

As to plaintiff's claimed right to a hearing before the Army Board for the Correction of Military Records, plaintiff relies on a statute, Act Oct. 25, 1951, 65 Stat. 655, which does not provide for a hearing, and upon regulation AR 15–185, 32 CFR 581.3(d) (1), which regulation refers to a hearing, as follows:

"When an application has been found to be within the jurisdiction of the Board and sufficient evidence has been presented indicating probable error or injustice, the applicant will be entitled to a hearing before the Board either in person or by counsel of his own selection or in person with counsel."

In this case the Board found that the application of plaintiff was not within its jurisdiction because there was not sufficient evidence indicating probable error or injustice in plaintiff's case. Under those circumstances, the Board was not required to give plaintiff a hearing. Wales v. United States, 130 F.Supp. 900, 132 Ct.Cl. 765. Furthermore, on the facts alleged, we think it cannot be held that the Board acted arbitrarily in determining that the evidence presented was insufficient to indicate probable error or injustice in discharging plaintiff without disability retirement status and pay.

With respect to defendant's plea of the statute of limitations as a ground for

**183**

dismissal, we think it is not necessary for the court to pass on this portion of defendant's motion because of the holding that no claim within the jurisdiction of this court has been stated. If a claim had been stated, however, we would not dismiss so much of plaintiff's claim as accrued within the six years just prior to the filing of her petition.