**Manly E. HUTCHINSON**

v.

**The UNITED STATES.**

No. 26–55.

United States Court of Claims.
March 6, 1957.

Nathaniel H. Goodrich, Washington, D. C., for plaintiff. Herbert & Dial, Columbia, S. C., were on the brief.

Philip W. Lowry, Washington, D. C., with whom was George Cochran Doub, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

WHITAKER, Judge.

Plaintiff, a former Lieutenant Colonel in the Medical Corps of the United States Army, brought this suit to recover disability retirement pay from March 12, 1946, to date, less disability compensation received from the Veterans Administration. The petition was filed January 24, 1955, and the case comes before the court on defendant's motion to dismiss plaintiff's petition and amended petition on the ground that the plaintiff's claim is barred by the six-year statute of limitation on claims filed in this court, 28 U.S.C. § 2501, as amended September 3, 1954.

On December 22, 1917, plaintiff enlisted in the medical section of the Enlisted Reserve Corps of the United States Army and received his honorable discharge therefrom on January 6, 1919. On January 19, 1927, plaintiff was commissioned a First Lieutenant in the Medical Reserve Corps of the Army and thereafter was successively promoted to

the ranks of Captain, Major and Lieutenant Colonel, the last promotion being on November 17, 1945. On three separate occasions for periods of a few weeks, in the years 1943 and 1944, plaintiff was a patient in a New Orleans Army hospital. The nature of plaintiff's illness during these periods of hospitalization is not disclosed in detail.

On November 6, 1945, plaintiff's health having become impaired, he appeared before an Army Retiring Board at Fort Benning, Georgia, which found that plaintiff was permanently incapacitated for active service as the result of an incident of service and that the cause of plaintiff's incapacity was hypertrophic and chronic arthritis, originating in October 1943, when he had been placed on limited active duty.

Thereafter, on January 5, 1946, at the request of the Surgeon General, the Army Retiring Board at Fort Benning, Georgia, reconvened and reversed the finding of the prior board, and found instead that plaintiff's permanent incapacity was *not* an incident of service. On March 11, 1946, plaintiff was placed on inactive status by reason of permanent physical disability and was honorably discharged without retirement pay.

On December 13, 1946, an Army Disability Review Board reviewed the prior proceedings of the Retiring Boards together with certain additional evidence, and concluded to affirm the finding of the reconvened Army Retiring Board that plaintiff's permanent incapacity was not an incident of service. Plaintiff filed a request in May of 1950, for a rehearing and reconsideration by the Army Disability Review Board. Upon consideration this request was denied. Following this denial of a rehearing, plaintiff requested a review by the Army Board for the Correction of Military Records, which review was denied by the correction board. It also appears from the petition that sometime subsequent to plaintiff's release from the service, the Veterans' Administration found that plaintiff was suffering from disability caused by a peptic ulcer and

an arthritic condition, which disability was determined to be service connected.

Plaintiff alleges that the refusal in 1946 of the reconvened Army Retiring Board and the Disability Review Board to find that plaintiff's disability was service connected, was a failure on their part to correctly diagnose plaintiff's case. Plaintiff further alleges that this failure on the part of the Army Retiring Board and the Army Disability Review Board was occasioned by certain arbitrary and capricious actions of the office of the Surgeon General of the Army. In his amended petition plaintiff alleges that the Army Board for the Correction of Military Records acted arbitrarily in refusing to order a physical examination and in denying him a hearing. Plaintiff contends that an honest appraisal of his case would have resulted in a finding that his disability was service connected, thereby entitling him to be retired from the Army by reason of physical disability, with the retired pay incident thereto.

■■ Defendant has moved to dismiss plaintiff's petition solely on the ground that it is barred by the six-year statute of limitation. It contends that the latest date upon which plaintiff's claim could have accrued was December 13, 1946, when the Army Disability Review Board made its original decision which affirmed the reconvened Army Retiring Board's decision, which date is more than six years prior to the filing of plaintiff's petition on January 24, 1955.

In Levadi v. United States, Ct.Cl., 146 F.Supp. 455, we reaffirmed our previous holdings in the cases there cited, that an officer's right to sue in this court accrued, if at all, on the date the Secretary of War approved the action of the Retiring Board denying him retired pay. We again so hold.

■ We have also held that, in the absence of unusual circumstances, appeals to the Disability Review Board and to the Board for Correction of Military Records does not toll the running of the statute, since such appeals are not re-

quired, but are permissive only, and may be taken, in the one case, at any time within fifteen years, and within ten years in the other. Cuiffo v. United States, 131 Ct.Cl. 60; Girault v. United States, 135 F.Supp. 521, 133 Ct.Cl. 135; Levine v. United States, 137 F.Supp. 955, 133 Ct.Cl. 774; MacFarlane v. United States, 140 F.Supp. 420, 134 Ct.Cl. 755; Conlin v. United States, Ct.Cl., 146 F.Supp. 833.

On the authority of those decisions, defendant's motion is granted, and plaintiff's petition is dismissed.

It is so ordered.

JONES, Chief Judge, and LARAMORE, Judge, concur.

LITTLETON and MADDEN, Judges (dissenting).

We dissent for the reasons stated in our dissenting opinion in Levadi v. United States, Ct.Cl., 146 F.Supp. 455.