John A. **FURLONG**
v.
The **UNITED STATES.**
No. 324–54.

United States Court of Claims.
June 5, 1957.

John Geyer Tausig, Washington, D. C., for plaintiff.

Francis X. Daly, Washington, D. C., with whom was George Cochran Doub, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

WHITAKER, Judge.

This case is now before the court on plaintiff's and defendant's motions for reconsideration of our decision of December 5, 1956.

Plaintiff, a former Army reserve officer, brought this suit to recover disability retirement pay from July 18, 1946 to date, less disability compensation received from the Veterans Administration. The petition was filed August 5, 1954, and came before the court on defendant's motion to dismiss plaintiff's petition, as amended, on the ground that the plaintiff's claim, if any, is barred by the statute of limitations.

On September 12, 1945, plaintiff, while serving on active duty with the United States Army in the Philippines, was injured when struck in the abdomen by a bullet which came through the canvas of his tent quarters. Attempts made by the Army doctors to remove the bullet were unsuccessful and the bullet has remained in plaintiff's hip to this day. On July 18, 1946, the plaintiff was separated from the service not by reason of physical disability. Immediately prior to this separation plaintiff was examined at Lovell General Hospital, Camp Devens, Massachusetts, for the purpose of determining whether an operation should be performed to remove the bullet from his body. The medical officers at the hospital decided not to perform the operation and plaintiff sought their advice as to whether he should appear before a Medical Disposition Board and an Army Retiring Board. He was informed by the doctors that his disabilities were not sufficient to make him eligible for re-

tirement benefits. Shortly thereafter on July 18, 1946, plaintiff was separated from military service not by reason of physical disability, with the rank of major.

Following his separation, plaintiff's physical condition grew worse and on January 3, 1947, he sought the advice of the Reserve Officer's Association as to whether, in the opinion of the association, it would be possible for him to appear before an Army Retiring Board. Plaintiff's request for permission to appear before the Board was forwarded by the association to the Adjutant General of the Army. On February 5, 1947, plaintiff was informed that his request would be given consideration if he submitted evidence which would justify his appearance before the Board. Plaintiff submitted evidence along this line and on March 22, 1948, he was directed to enter Murphy General Hospital, Waltham, Massachusetts, for physical evaluation preliminary to an appearance before an Army Retiring Board. Plaintiff entered the hospital on August 3, 1948, which was two years after his release from active duty. On August 6, 1948, the Retiring Board found that plaintiff was not at that time permanently incapacitated for active duty. This decision was approved by the Secretary of War on Setember 2, 1948.

It is plaintiff's position that an honest evaluation of his case by Army authorities would have resulted in his having been declared eligible for the retired benefits provided for by statute, but that he was deprived of such statutory benefits by the arbitrary, capricious and unsupported findings and decision of the Army.

Defendant moved to dismiss the petition on the ground that plaintiff's claim, on which he bases his suit, accrued upon his separation from the service on July 18, 1946, without retirement benefits, and is therefore beyond the six-year statute of limitations applying to claims filed in this court.

On the same day our former opinion in this case was handed down, December 5, 1956, we also decided the cases of Levadi v. United States, 146 F.Supp. 455, and Conlin v. United States, 146 F.Supp. 833, in which the same question was presented, and in which the facts were quite similar. Since then the Supreme Court has denied certiorari in both cases (353 U.S. 917, 77 S.Ct. 665, 1 L.Ed.2d 664, and 353 U.S. 916, 77 S.Ct. 663, 1 L.Ed.2d 663 respectively). In addition, we have since decided the cases of Price v. United States, 149 F.Supp. 181, and Hutchinson v. United States, 149 F.Supp. 156, in which we applied the principle of the Levadi and Conlin cases.

All of these cases followed our previous decisions in Rosnick v. United States, 129 F.Supp. 958, 132 Ct.Cl. 1; Girault v. United States, 135 F.Supp. 521, 133 Ct.Cl. 135; Duff v. United States, 135 F.Supp. 527, 133 Ct.Cl. 161; Odell v. United States, 139 F.Supp. 747, 134 Ct. Cl. 634; Levine v. United States, 137 F.Supp. 955, 133 Ct.Cl. 774; McFarlane v. United States, 140 F.Supp. 420, 134 Ct.Cl. 755; and Barker v. United States, 140 F.Supp. 415, 135 Ct.Cl. 42, certiorari denied 352 U.S. 935, 77 S.Ct. 224, 1 L.Ed. 2d 161.

■■ The principle of these cases is: first, jurisdiction is conferred by Congress, not on this court, but on retiring boards and the Secretaries of the three armed services, to decide an officer's right to retirement for physical disability, and his consequent right to retired pay; second, it follows therefrom that we cannot acquire jurisdiction of such a claim until after the board and the Secretary have acted, or failed or refused to act, and not then unless the board and the Secretary acted arbitrarily or capriciously or contrary to law; third, since our jurisdiction could not be invoked until after the retiring board and the Secretary had acted, the statute of limitations on a suit in this court did not begin to run until they had acted; fourth, on a finding of arbitrary or otherwise unlawful action by

the retiring board and Secretary, **it is our duty to act in the place of the retir**ing board and, on a finding of disability at the time of discharge, to hold an officer is entitled to retired pay from the date of his discharge.

■ Now the material facts in this case differ from the facts in those cases only in this: plaintiff claims he did not make application to go before a retiring board at the time he was released to inactive duty because the medical officers at the hospital, where he was examined prior to separation, advised him that he was not sufficiently incapacitated to warrant sending him before a retiring board; that he relied on such advice, was misled thereby, and that in the circumstances he was justified in relying on such expert advice. At any rate, plaintiff did not then make application to go before such board. However, when his condition got progressively worse, he did make such an application about five months later and about eighteen months later a hearing before a retiring board was granted him.

Under ordinary circumstances an officer should make application to appear before a retiring board prior to his discharge, but in view of plaintiff's allegation that he was misled by the advice of the medical officers, we think he was excused for waiting until his worsened condition made it obvious to him that their advice was erroneous, and then making his application. This justified the retiring board and the Secretary in entertaining his application made five months after his discharge. Cf. Updike v. United States, 132 F.Supp. 957, 132 Ct.Cl. 627; Vaughn v. United States, Ct.Cl., 147 F.Supp. 280.

But plaintiff alleges the board arbitrarily, capriciously, and without foundation in fact or law, found that he was not incapacitated for military service at the time of his discharge. If this allegation turns out to be true, then it would be our duty to render that decision which the board and the Secretary should have rendered.

It is our duty, therefore, to inquire, first, whether the board did act arbitrarily, capriciously, or without foundation in fact, and if we find that it did so act, then we must inquire whether plaintiff, at the time of his discharge, was physically disabled to perform the duties of his office. If we find that he was, and that his disability was an incident of his service, then we must render that judgment to which such findings by the retiring board would have entitled him, to wit, retired pay from the date of discharge to the date of judgment.

■ We have jurisdiction to do this in this case because the Secretary acted on his application for retirement on September 2, 1948, and plaintiff filed his petition on August 5, 1954, which was within six years of the time plaintiff's right to sue in this court accrued.

The motions for reconsideration are allowed. The opinions of December 5, 1956 are vacated and withdrawn. Defendant's motion to dismiss plaintiff's amended petition is overruled in its entirety, and the case is remanded to a trial commissioner to take testimony on the issues stated.

It is so ordered.

MADDEN and LITTLETON, Judges, concur.

JONES, Chief Judge (concurring in part).

I concur, but am inclined to the opinion that any recovery in this court should be limited to six years previous to filing of the suit.

LARAMORE, Judge (dissenting).

I respectfully dissent for the following reasons:

Regardless of whether this court has jurisdiction, upon an allegation and proof of arbitrary action on the part of the Secretary of the Army, to review and substitute for the decision of the Secretary, I would dismiss this case on the limitations.

Aside from the correction of records board, there is no specific authority given the Secretary to review the case of any one released from service, not for physical disability, except section 301 of the Act of June 22, 1944, 58 Stat. 284, 286, 38 U.S.C.A. § 693h.

Section 302 of the above act, 38 U.S.C.A. § 693i, provides for the review by the board in cases of officers who were retired or released for disability, but without pay, and with power equal to that of the board created under section 301. This, it seems to me, was the power to review the extent and incident of the disability for which the officer was released. It would be an inadmissible premise to assume that under this section there was granted authority to determine existence of disability. If section 301 granted this authority, there would seem to have been no reason for section 302.

If, therefore, the Secretary should review the case of an officer who has not been released for disability, he would be doing so under the broad authority conferred upon him under the basic retirement Act of April 3, 1939, 53 Stat. 555. The right which the Secretary refused to grant was the same right that existed under the Act of April 3, 1939.

Assuming that this court has a right to review the grant under the Act of April 3, 1939, any cause of action accrued when the plaintiff was released from duty and the 6-year statute of limitations ran from that date. Any subsequent act of the Secretary would not be a required administrative act which would toll the running of the statute of limitations.

Therefore, whether the case comes into this court based on the denial of retirement when released or whether it came into court based on alleged arbitrary action, the statute of limitations would commence to run at the same time.

The petition, having been filed more than six years from plaintiff's release from duty, is in my opinion barred by the 6-year limitations statute.