Richard Bruce McAULAY
v.
The UNITED STATES.
No. 401-58.

United States Court of Claims.
July 18, 1962.
Rehearing Denied Oct. 3, 1962.

Maurice C. Pincoffs, Jr., Baltimore, Md., for plaintiff.

Charles M. Munnecke, Washington, D. C., with whom was Asst. Atty. Gen. William H. Orrick, Jr., for defendant.

DURFEE, Judge.

This is an action for breach of plaintiff's contract of enlistment in the United States Marine Corps under date of March 20, 1953. The breach alleged is the claimed failure to accord plaintiff a hearing as required by the Career Compensation Act of 1949, 37 U.S.C.A. § 231 et seq. Plaintiff was separated from the service administratively by an honorable discharge on October 28, 1953, for "antisocial personality." Plaintiff says that this is a physical disability within the meaning of the provisions of the 1949 Act, requiring a full and fair hearing before discharge thereunder. Plaintiff claims the pay and allowances he would have received during the period from the date of his discharge through March 20, 1959, when his six-year contract of enlistment would have expired, in an amount claimed at $25,000, with interest to date of judgment.

The question presented is whether the action taken by the Secretary of the Navy in administratively discharging plaintiff was an arbitrary act and contrary to law.

After an unhappy home life as a boy, and an unsatisfactory adjustment to school, plaintiff enlisted in the Marine Corps for three years at the age of 17. He was honorably discharged eight months before his enlistment expired, for the convenience of the Government, and immediately reenlisted for six years. His medical record at this time showed a normal psychiatric condition. His subsequent record indicates a long series of difficulties—repeated absence without leave; failure to obey orders; and other misconduct culminating in his being placed in a hospital for psychiatric observation. The psychiatrist who examined plaintiff at that time concluded:

"Patient seems to have an extremely paranoid antisocial personality, and it seems to me that he could best be handled by an administrative discharge by reason of unfitness. He is hostile, aggressive, uncooperative, paranoid, and has a rapid stream of thought and speech. Should be given a trial on an open ward with above recommendation in mind."

After severals days in an open ward, during which plaintiff acted in an eccentric and very disturbed manner, including absence from the hospital for two days without leave, plaintiff appeared before the Board of Medical Survey, which

determined that plaintiff should be discharged administratively for "antisocial personality." The Board also found that this condition existed prior to enlistment, that it was not the result of or aggravated by service conditions, and that plaintiff was not fit for military duty.

■ Plaintiff made no application for retirement for disability and has made no application to the Board for Correction of Naval Records. He took no steps to challenge his discharge until he started this action on September 3, 1958. This court has consistently held that before a person can bring suit in this court for disability retired pay, he must first exhaust his administrative remedy of applying to a Retiring Board, or Physical Evaluation Board for an administrative determination of his right to retirement for physical disability. This is not a permissive remedy; it is mandatory, in the absence of extenuating circumstances. Furlong v. United States, 152 F. Supp. 238, 138 Ct.Cl. 843. Although plaintiff's petition might have been dismissed on this ground, defendant did not urge this point, and we will proceed to dispose of this case on the merits.

After his discharge in 1953, plaintiff was forcibly committed to a Veterans Hospital in 1958, following threats to kill himself and his wife, and other highly irrational conduct. The diagnosis was "schizophrenic reaction, catatonic type," and he was found to be "incompetent."

Plaintiff was discharged under the authority of instruction 1910.2 of the Bureau of Medicine and Surgery and paragraph 10271 of the Marine Corps Manual. The purpose of the instruction is stated:

"1. *Purpose.* To promulgate standards and procedures for the separation of subject members from the Naval Service who have become functionally incapable of performing useful service."

Paragraph 3 of the instruction states:

"3. *General.* Members of the Naval Service may be found unfit for military service by reason of physical disability due to disease and also injury because of inherent pre-existing defects which constitute military unfitness as distinguished from physical disability."

Paragraph 6a lists 19 conditions, including antisocial personality, which constitute a basis for administrative discharge of those not suitable for military service because of medical conditions not constituting physical disability. Boards of medical survey are instructed to submit reports on such individuals, except when medical board action is indicated as in the case of defects which are not inherent and which do not pre-exist military service, but which are the result of disease or injury and which are incapacitating so as to warrant retirement or separation for physical disability.

Paragraph 6c provides, in part:

"c. *Authority to Discharge.* * * and commanding generals and commanding officers Marine Corps activities CLUSA are hereby authorized to discharge enlisted or inducted members, * * * of the Marine Corps or Marine Corps Reserve, on active duty, when discharge for one of the conditions listed in paragraph 6a is recommended; provided: * *

"(3) The member concerned indicates in writing that he has been informed of the findings and does not desire to submit a statement in rebuttal."

The Board stated in its record that plaintiff had been informed of the findings and did not desire to submit a statement in rebuttal. Although there is no written statement to this effect signed by plaintiff, he admits that he signed something at the time. However, plaintiff admits that the discharge was in accord with the applicable naval regulations and directives. His position is that the regulations and directives are invalid by reason of their erroneous construction of the words "physical disability" as used in Section 413 of the Career Compensation Act of 1949, the effect of which has been to deprive plaintiff of a hearing before discharge.

Section 413 of the Career Compensation Act of 1949, 37 U.S.C.A. § 283 provides as follows:

"§ 283. *Regulations*

"The Secretary concerned shall prescribe regulations for the administration of this subchapter within his department or agency, including regulations which shall provide that no member of the uniformed services shall be separated or retired for physical disability without a full and fair hearing if such member shall demand it."

The regulations adopted in compliance with this section (32 C.F.R. Part 725) provided for the appointment by designated authorities of medical boards and physical evaluation boards. The medical boards were to consider cases referred to them by competent authority to determine whether the member so referred was or might be sufficiently unfit to perform the duties of his office or rank so as to warrant presenting the case to a Physical Evaluation Board for retirement or separation. Upon notice to the member, a hearing was to be conducted before the Physical Evaluation Board. The member of the service involved was given adequate procedural protection under the regulations including the right to appear in person and by counsel, to offer evidence, and to cross-examine. After hearing, the Physical Evaluation Board was required to find whether the member was fit or unfit, and if unfit, whether such unfitness was or was not by reason of physical disability. In this connection physical disability was defined as *"any impairment of physical or mental function which is the result of a disease or injury."* [Emphasis supplied.]

Plaintiff contends that he was suffering from "paranoid schizophrenia," which is a physical disability, rather than "antisocial personality," which, under defendant's construction as the cause of his discharge, is not a physical disability. Plaintiff contends that under proper construction of Title IV of the Career Compensation Act, psychosis and psychoneurosis on the one hand and personality disorders stated as "antisocial personality" as the reason for his discharge on the other hand, are "physical disabilities" within the meaning of this phrase as used in § 413 of the Career Compensation Act. Accordingly plaintiff asserts that he was entitled to a hearing and determination under the regulations promulgated under this section.

Plaintiff further alleges that he was actually and in fact discharged as unfit by reason of "physical disability" in the correct sense of this term, upon an invalid finding of unfitness by the Medical Survey Board, and without a full and fair hearing to which he was entitled under § 413, and that this action was a breach of his enlistment contract for which he is entitled to damages.

Much expert testimony by qualified psychiatrists was offered by both parties at the trial as to whether plaintiff was suffering from a physical disability at the time of his discharge. This is reviewed at length in our findings, from which it is apparent that there is a clear conflict of expert opinion. However, we are not now called upon to resolve this conflict in order to decide this case.

■ There is substantial evidence in the form of expert medical testimony to support the conclusion of the Medical Survey Board which found plaintiff unfit for military service because of "antisocial personality" and not physical disability as the cause for his honorable discharge. The Board was not arbitrary, capricious, or acting contrary to law in reaching the conclusion that plaintiff's condition was not a physical disability within the meaning of the pertinent law and regulations. We therefore conclude that plaintiff was lawfully discharged and that there was no breach of his enlistment contract thereby.

Judgment will be entered for defendant, and plaintiff's petition is dismissed.

It is so ordered.

JONES, Chief Judge, and DAVIS, LARAMORE and WHITAKER, Judges, concur.