JoNes, Chief Judge,
dissenting in part:
I agree that plaintiff should have disability retirement from the date when the record clearly justifies a finding that plaintiff was disabled for active military service. With some of the statements and conclusions set out in the majority opinion I cannot agree. Some additional facts may be found in the exhibits attached to the pleadings, which in my judgment reflect a somewhat different approach to the final conclusion.
From the pleadings and exhibits it seems to me that no one and no court could properly determine at the time the findings were made in 1953, that plaintiff was disabled when he was released from military service on March 9, 1946. In fact, the medical officers who examined him in 1946 found that he was not so disabled.
From the pleadings, exhibits, and admissions two things are crystal clear: (1) That plaintiff’s condition had its inception, or beginnings, during his period of active service; (2) that some time after his release it became disabling, and that by October 1953, the evidence of disabling multiple sclerosis was overwhelming.
*454 Again, it is difficult to determine just when the condition became disabling for active military service. The Veterans Administration, after examination, found that plaintiff had multiple sclerosis and rated his disability 80 percent from January 4, 1950. While we are not bound by the findings of the Veterans Administration, the complete incapacity shown in the thorough medical examinations by the Fort Riley hospital in 1958, and the medical officers of the Disposition Board in May 1954, make the conclusion reasonable, in fact inevitable, that plaintiff became incapacitated not later than January 4,1950.
When a disease has its inception, however mild, in active service, and later becomes as devastating as multiple sclerosis ultimately becomes — and became in the instant case — it is unjust, and in my judgment almost cruel, to deny a gallant officer who had served his country, retirement from the date his disability becomes thoroughly established. I have given my reasons more fully in my dissenting opinions in MacFarlane v. United States, 134 C. Cls. 755, 760; and in Palluconi v. United States, 136 C. Cls. 190, 195.
While I do not regard the record as justifying a firm finding that plaintiff was incapacitated for military service at the time of his release from active duty in 1946, there can be no doubt his incapacity had its inception during active service, and there can be no reasonable doubt that it later became disabling as of January 4, 1950, and that such disability is permanent.
For these reasons I have agreed that plaintiff is entitled to disability retirement as of January 4,1950, and I therefore concur in that part of the result which grants retirement, from that date.