"This military pay case comes before the court on defendant’s motion to dismiss and plaintiffs motion for summary judgment. Plaintiff seeks to have this court rescind the resignation which he submitted 'for the good of the service and in lieu of court-martial’ on February 17, 1942. In place of that resignation, plaintiff prays for judgment restoring him to the retired list and entitling *1043 him to retired pay from February 17, 1942. Defendant moves to dismiss the petition on the ground that it was filed in February 1976 and is barred by the six-year statute of limitations applicable here. 28 U.S.C. § 2501 (1970). It is clear that plaintiffs claim accrued upon discharge (Mathis v. United States, 183 Ct. Cl. 145, 391 F.2d 938 (1968); Kirby v. United States, 201 Ct. Cl. 527, 531 (1973), cert. denied, 417 U.S. 919 (1974)), and that the instant petition was filed more than six years thereafter. Plaintiff relies upon disability retirement cases holding that that type of claim accrues upon the action of the first competent board (Friedman v. United States, 159 Ct. Cl. 1, 310 F.2d 381 (1962), cert. denied, sub nom. Lipp, 373 U.S. 932 (1963); Harper v. United States, 159 Ct. Cl. 135, 310 F.2d 405 (1962), but Mathis and Kirby have made it clear that the rule is different for wrongful discharge cases and that in the latter class of case the cause of action accrues all at once upon the serviceman’s removal. Plaintiffs later applications for Correction Board relief, which ultimately proved unsuccessful, did not toll or defer the statute of limitations; those applications were permissive, not mandatory. See Mathis, supra, 183 Ct. Cl. at 147-48, 391 F.2d at 939; Kirby v. United States, supra, 201 Ct. Cl. at 531-32. Plaintiffs claim, in short, had long been barred by limitations when he first sought relief through the Correction Board in the 1970’s. Even if the Secretary, in denying relief and refusing to follow the Correction Board’s recommendation, acted wrongfully toward plaintiff, the judicial claim vindicable in this court had previously expired and the Secretary’s negative action would not create a 'new’ claim. See Eurell v. United States, ante at 281, n. 5.
"It is therefore ordered, upon consideration of the briefs and exhibits, and after oral argument, that plaintiffs motion for summary judgment is denied and that defendant’s motion to dismiss is granted. The petition is dismissed.”
Plaintiffs motion for reconsideration en banc was denied April 27, 1978.