Plaintiffs are five non-Federal retired persons. Three of them receive a Railroad Retirement annuity and a corporate pension; the fourth receives a pension under a state employees’ pension plan, and the fifth receives a pension under a state teachers’ retirement system. Plaintiffs commenced their action by a complaint filed in the United States District Court for the Northern District of Illinois. In substance, they claim that the cost-of-living increases for Federal Civil Service retirees under 5 U.S.C. sec. 8340, violate the equal protection clause embodied in the due process clause of the Fifth Amendment, unless similar increases are added to their private or state pensions. In the District Court, they sought declaratory relief, as well as retroactive and future additional monthly payments so that the purchasing power of their pensions would equal that provided the retired employees of the Federal Government. The amount in controversy exceeds $10,000.
The District Court found that it had jurisdiction under 28 U.S.C. sec. 1331(a), but in a decision on the merits, *659 concluded that the complaint should be dismissed on the grounds that there was a rational basis for the statute and that it was free from invidious discrimination. Clark v. United States, 447 F. Supp. 172 (N.D. Ill. 1978).
Plaintiffs appealed, and the case was orally argued before a panel of the Seventh Circuit. After oral argument, the United States attorney sent a letter to the court, stating that there was "a serious question whether plaintiffs’ complaint should have been filed in the Court of Claims.” He cited Cook v. Arentzen, 582 F.2d 870 (4th Cir. 1978). Plaintiffs’ counsel did not answer that letter. The Seventh Circuit held that the District Court had no jurisdiction under 28 U.S.C. sec. 1331(a) and concluded that since plaintiffs’ prayer for declaratory relief was mingled with a damage claim in excess of $10,000, the only proper jurisdiction was in the Court of Claim under 28 U.S.C. sec. 1491. Accordingly, the court issued an order vacating the District Court’s judgment and ordering that court to transfer the case to the Court of Claims. Clark, et al. v. United States, 596 F.2d 252 (7th Cir. 1979).
Following the transfer of the case to this court, plaintiffs filed a motion for summary judgment. Defendant responded with a motion for judgment on the pleadings and a cross-motion for summary judgment. Citing decisions of the Supreme Court and of this court in support of its position, the Government urges us to dismiss plaintiffs’ petition on the ground that plaintiffs have failed to state a claim within the jurisdiction of this court.
Although it is a regrettable decision under the circumstances, we have no option but to grant defendant’s motion to dismiss for lack of jurisdiction over claims based on the equal protection clause incorporated in the Fifth Amendment or on the due process clause of that amendment, because these constitutional provisions do not obligate the Government to pay money damages. Carruth v. United States, 224 Ct. Cl. 422, 627 F.2d 1068 (1980); Walton v. United States, 213 Ct. Cl. 755 (1977); Muehlen v. United States, 209 Ct. Cl. 690 (1976); Eastport S.S. Corp. v. United States, 178 Ct. Cl. 599, 372 F.2d 1002 (1967).
Citing the Eastport case, the Supreme Court in United States v. Testan, 424 U.S. 392 (1976) declared that where *660 "the plaintiff is not suing [the United States] for money improperly exacted or retained, the basis of the federal claim — whether if be the Constitution, a statute, or a regulation — does not create a cause of action for money damages unless, as the Court of Claims has stated, that basis 'in itself * * * can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.’” [424 U.S. at 401-02.]
Plaintiffs’ case clearly falls within this category. Moreover, this case in unlike Gentry v. United States, 212 Ct. Cl. 1, 546 F.2d 343 (1976), where we held that an unconstitutional provision of the Civil Service Retirement Act could be severed from the balance of the Act and a money judgment could be rendered in favor of plaintiffs based upon the remaining constitutional portion of the statute. Plaintiffs do not claim that Gentry is applicable here and could not do so, because there is no severable valid statute upon which the court could render a money judgment in their favor if they were entitled to prevail on the merits.
The court takes this occasion to point out that this is one of several cases beyond our jurisdiction which have been transferred to this court from other Federal courts in reliance, at least in part, on a motion or suggestion by a United States attorney that the Court of Claims had jurisdiction of the case. In the nature of their work, United States attorneys probably have little occasion to familiarize themselves with this court’s jurisdiction and apparently no specific action has been taken by the Department of Justice to acquaint them with the limits of our jurisdiction. The unfortunate result in situations like that in this case is not only a waste of judicial time but a useless expenditure of time and money on the part of the involved plaintiffs and their attorneys. Although few in number, these regrettable instances detract from the generally fair and creditable manner in which the Department of Justice represents the Government in this court. We suggest, therefore, that the Department of Justice should take appropriate action to insure that the United States attorneys and their staffs are familiar with the limitations upon our jurisdiction. To avoid recurrences of the situation in this case in the future, the Department might wish to consider requiring the United *661 States attorneys to check with the Civil Division before taking the position that a district court case is within the exclusive jurisdiction of this court.
it is therefore ordered, that defendant’s motion for judgment on the pleadings is granted; plaintiffs’ motion for summary judgment is denied, and plaintiffs’ petition is dismissed.
Plaintiffs’ motion for rehearing and suggestion for rehearing era banc were denied March 20, 1981; plaintiffs’ petition for a writ of certiorari was denied, 454 U.S. 833 (1981).