This personnel case was filed in 1960. On July 18, 1962, the court rejected on their merits two monetary claims: the first was for overtime pay, and the second was because of an alleged involuntary retirement from federal service because of medical disability. Gaines v. United States, 158 Ct. Cl. 497 (1962). Plaintiffs petition for certiorari was denied on December 10, 1962, 371 U.S. 936; certiorari was again denied on October 12, 1964, 379 U.S. 850 (see also 379 U.S. 884 (5th Cir. 1964). The plaintiff then filed a petition for rehearing in this court which was denied by the court on May 14,1965, cert. denied, 382 U.S. 866 (1965).
*692 The present prolix pro se motion to reopen, treated by us as coming under Rule 152 (Relief from Judgment or Order),[1] was filed on December 3, 1980. It alleges, so far as we can make out, that (1) in the 1962 case the defendant committed fraud by making untrue or inaccurate allegations that no medical records pertaining to plaintiffs disability retirement had been forwarded to Lockheed Aircraft Corporation; (2) the 1962 decision was wrong; (3) government agencies have improperly distributed plaintiffs medical records to others; and (4) plaintiff has been denied access to his records despite the Freedom of Information requests. Defendant opposes the motion.
The motion under Rule 152 is denied. As for the first two contentions, the motion is clearly outside the proper time. Rule 152(b)(3) expressly requires that such a motion based on fraud, misrepresentation, or misconduct must be made "not more than 1 year after the judgment, order or proceeding was entered or taken.” On that basis the part of the present motion alleging fraud — a part which seems to be based on that particular ground — is far out of time, having been filed over 18 years after the 1962 judgment was entered, and must therefore be denied. E.g. Algonac Mfg. Co. v. United States, 198 Ct. Cl. 258, 262-63, 458 F.2d 1373, 1376 (1972). If this or any portion of the motion was intended to be based on reasons (1) and (2) of Rule 152 it is likewise barred by the one-year rule. If the motion is thought to be somehow based on grounds (4), (5), or (6) of Rule 152 it must also be denied because 18 years is not within the reasonable time required by the rule in all events. We say this without in any way indicating that any of the alleged matters have any material connection with the judgment entered in 1962.
As for the last two claims — whatever their merits — they do not fall within Rule 152 at all. They do not relate by any stretch of the imagination to any error or defect in the 1962 judgment. Moreover, Congress has vested jurisdiction not in us but in the district courts over Freedom of Information and Privacy Act claims. See 5 U.S.C. § 552(a)(4)(B) and § 552(g)(1).
*693 For these reasons, plaintiffs motion to reopen (treated as under Rule 152) is denied without oral argument.
IT IS SO ORDERED.

 Rule 162 provides the method for reopening an already decided matter once the normal rehearing period has elapsed.