Plaintiff seeks $100,000 in damages for alleged wrongful, separation from the Marine Corps on April 30, 1970, at which time he received an honorable discharge. Plaintiff consented to be separated from the military under an early release program. He was assigned a reenlistment code of RE-4 which meant that he was not eligible for reenlistment. This was a mistake and by letter dated May 14,1974, plaintiff was advised that he should have been assigned a reenlistment code of RE-3C which would have permitted his reenlistment if authorized by the Commandant of the Marine Corps, and that his records were being corrected to reflect this fact.
After being denied relief by the Board for Correction of Naval Records, the Torts Claims Division of the Office of the Judge Advocate General, and the United States District Court for the District of Columbia, plaintiff, on April 15, 1981, filed his petition with the United States Court of Claims. In the meantime he committed felony robbery, to which he pled guilty, and has since been confined to prison. Plaintiffs record as a soldier was outstanding and he received military decorations and official commendations for this notable service.
Defendant opposes plaintiffs motion for summary judgment and cross-moves for summary judgment on three grounds: (1) plaintiff has failed to state a wrongful separation claim; (2) plaintiffs cause of action sounds in tort over which this court has no jurisdiction; and (3) plaintiffs claim *772 is barred by the statute of limitations. The latter defense is dispositive and we find, therefore, no need to discuss the other two points because the statute of limitations is a threshold one of jurisdiction.
Plaintiffs claim arose on April 30, 1970, the date of his alleged wrongful discharge. It could be argued that at the very latest it arose on May 14, 1974, when his reenlistment code was corrected. The pro se petition was not filed until April 15,1981, as noted above, and in either case this is well beyond the 6 years authorized by law for bringing suit in this court. 28 U.S.C. § 2501 (1976).
We note plaintiffs efforts to obtain legal redress elsewhere but these efforts do not toll the statute of limitations. Nor is any legal disability shown which might do so. Ramsey v. United States, 215 Ct. Cl. 1042 (1978), cert. denied, 439 U.S. 1068 (1979); Kirby v. United States, 201 Ct. Cl. 527 (1973), cert. denied, 417 U.S. 919 (1974); Friedman v. United States, 159 Ct. Cl. 1, 310 F.2d 381 (1962), cert. denied sub nom. Lipp v. United States, 373 U.S. 932 (1963).
IT IS THEREFORE ORDERED, upon consideration of the motions, without oral argument, that plaintiffs motion for summary judgment is denied. Defendant’s cross-motion for summary judgment is granted. The petition is dismissed.