**John Alexander SCHMIDT, et al., Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

**No. 139–83C.**

United States Claims Court.

Aug. 8, 1983.

John Vaisey, Molalla, Or., for plaintiffs.

Sara V. Greenberg, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant; Commander Donald M. Hill, Dept. of Navy, Washington, D.C., of counsel.

## OPINION

NETTESHEIM, Judge.

This military pay case comes before the court on defendant's motion for summary judgment. Defendant contends that plaintiffs' claim is barred by this court's six-year statute of limitations, 28 U.S.C. § 2501, *as amended by* the Federal Courts Improvement Act of 1982, Pub.L. No. 97–164, § 139(a), 96 Stat. 43 (1982), and by the doctrine of laches. After opposing summary judgment, plaintiff moved to dismiss without prejudice. Argument has been heard on the latter motion.

### FACTS

Plaintiffs John Alexander Schmidt, John Richard Peter Sheehan, and Harry Clifford Thompson were active duty members of the United States Navy (the "USN"), who were discharged under conditions other than honorable in lieu of trial by court-martial for engaging in homosexual conduct. Each of the three plaintiffs was a career serviceman and held outstanding military conduct marks. Plaintiffs Sheehan and Thompson received medals memorializing their good conduct in addition to various other decorations for their valor and service to the United States.

*Plaintiff John Alexander Schmidt*

Plaintiff John Alexander Schmidt ("Schmidt") entered the United States Marine Corps in November 1951 and was honorably discharged in 1953. He then enlisted in the United States Naval Reserve (the "USNR") in December 1953 and was honorably discharged to accept a commission as an ensign in the USNR in December 1956. In August 1959 Schmidt was commissioned as a lieutenant (junior grade) in the United States Navy after having obtained a security clearance from the Office of Naval Intelligence.

In December 1959 Schmidt was accused of engaging in homosexual conduct. He initially elected to stand trial by court-martial, but later waived that right and submitted a resignation "under conditions other than honorable." On January 29, 1960, he was discharged under conditions other than honorable for the good of the service by reason of homosexuality.

Schmidt applied to the Navy Discharge Review Board (the "NDRB") in March 1981 pursuant to a memorandum from defendant offering a grace period extending the time

in which former members could file for review to April 1, 1981,[1] and requested an upgrade of his discharge status to honorable. His request was denied on November 30, 1981.

*Plaintiff John Richard Peter Sheehan*

Plaintiff John Richard Peter Sheehan ("Sheehan") enlisted in the USN in April 1943 and served three consecutive six-year enlistments. On October 25, 1962, Sheehan was implicated by a junior enlisted man who claimed that he had engaged in homosexual conduct with Sheehan on several occasions. On December 4, 1962, Sheehan signed a written statement admitting to homosexual conduct with both military and non-military personnel on several different occasions.

Court-martial charges were prepared, but on January 2, 1963, Sheehan applied for an "undesirable" discharge for the good of the service to avoid trial by general court-martial. He was discharged accordingly on February 15, 1963.

Sheehan applied to the NDRB for an upgrade of his discharge status to honorable. His application was denied on January 29, 1982.

*Plaintiff Harry Clifford Thompson*

Plaintiff Harry Clifford Thompson ("Thompson") enlisted in the USNR in August 1944 and was honorably discharged in July 1948. In August 1950, just after the outbreak of the Korean War, Thompson reenlisted. In July 1952, he was honorably discharged and enlisted in the USN. He served the USN for six years and reenlisted for a second six-year enlistment.

Apparently, allegations of homosexual conduct against Thompson were being investigated by USN authorities in early 1963. On April 9 and 10, 1963, Thompson made statements to USN investigators admitting his participation in various homosexual acts with both military and non-military personnel.

Thompson was charged with seven specifications of sodomy. In lieu of trial by court-martial, Thompson applied for an undesirable discharge for the good of the service by reason of homosexuality. He was discharged accordingly on April 24, 1963.

Thompson applied to the NDRB in March 1981 for an upgrade in his discharge status to honorable. The NDRB denied his request on December 23, 1981.

Plaintiffs claim that they were wrongfully discharged and that their applications to the NDRB were denied arbitrarily and capriciously. Furthermore, plaintiffs Schmidt and Thompson claim that the USN failed to comply with their requests for their complete military records in accordance with the Freedom of Information Act. 5 U.S.C. § 552(a) (1982) (the "FOIA").

Each plaintiff seeks an upgrade of his discharge status to honorable, backpay to the expiration of his enlistment period, accrued and earned leave, and all pension and other benefit rights to which he would have been entitled had he completed his term of enlistment. A declaratory judgment is also sought that government policies against homosexuals unconstitutionally deny the rights of due process and equal protection as incorporated in the fifth amendment of the U.S. Constitution. Finally, plaintiffs request a writ mandating government compliance with the FOIA.

## DISCUSSION

■ The applicable statute of limitations provides that every claim in this court is barred unless the petition is filed within six years after the claim first accrues. 28 U.S.C. § 2501 (1982). The statute of limitations is jurisdictional and must be strictly construed to avoid the prosecution of stale claims. *Parker v. United States*, 2 Cl.Ct.

---

1. A former member of the armed services may apply within 15 years of dismissal for a review of his discharge or dismissal provided that it was not effected by a sentence of a general court-martial. 10 U.S.C. § 1553 (1976). Plaintiffs' applications were made sometime after the 15 years had passed; however, in a series of memoranda, including one dated January 20, 1978, defendant provided a grace period within which former members of the USN could file an application for review. Plaintiffs properly filed within the grace period.

399, 402 (1983) (NETTESHEIM, J.) (citing *Kirby v. United States,* 201 Ct.Cl. 527, 539 (1973), *cert. denied,* 417 U.S. 919, 94 S.Ct. 2626, 41 L.Ed.2d 224 (1974)).

■ To the extent that plaintiffs are claiming that they were wrongfully discharged and are entitled to backpay and benefits, their claims long have been barred by the statute of limitations. Plaintiffs could have filed in the United States Court of Claims immediately upon their separation from the USN without resort to any administrative body. *See Ellis v. United States,* 1 Cl.Ct. 141 (1983) (MARGOLIS, J.). Unfortunately, plaintiffs waited over 18 years before taking any action whatsoever.

■ Plaintiffs argue that defendant should be estopped from raising the statute of limitations as a defense because of the defendant's misconduct in "playing 'fast and loose' with the judicial system" by filing pleadings under oath in various United States district courts which argued that exhaustion of administrative remedies is permissive in some cases and mandatory in others. This argument is ludicrous. As in many other areas of the law, different jurisdictions vary in their interpretations of the law. Some courts exercise the discretion to require exhaustion of administrative remedies, *see, e.g., Levers v. Anderson,* 326 U.S. 219, 224, 66 S.Ct. 72, 74, 90 L.Ed. 26 (1945); *VonHoffburg v. Alexander,* 615 F.2d 633, 641 (5th Cir.1980); *Smith v. Secretary,* 506 F.2d 1250 (8th Cir.1974); *Ogden v. Zuckert,* 298 F.2d 312, 317 (D.C.Cir.1961), but this court has long held that post-separation remedies are permissive, not mandatory and do not toll the statute of limitations, *see, e.g., Parker v. United States,* 2 Cl.Ct. at 403; *Monningh v. United States,* 1

Cl.Ct. 427, 428 (1983) (COLAIANNI, J.); *Gilmore v. United States,* 228 Ct.Cl. 829 (1981); *Kirk v. United States,* 164 Ct.Cl. 738, 742–43 (1964), or create a new cause of action in this court. *Ramsey v. United States,* 215 Ct.Cl. 1042, 578 F.2d 1388 (1978).[2] Thus, plaintiffs' causes of action accrued all at once upon their removal. *Mathis v. United States,* 183 Ct.Cl. 145, 391 F.2d 938, *vacated on other grounds,* 183 Ct.Cl. 150, 394 F.2d 519 (1968).

■ Plaintiffs also argue that defendant cannot raise the statute of limitations as a defense because it was extended or waived when the Government offered a grace period extending the time within which a former member of the USN could apply for review of his or her discharge status. Plaintiffs cite *Furlong v. United States,* 138 Ct.Cl. 843, 152 F.Supp. 238 (1957), which held that a disability retirement claim accrues upon the action of the first competent board, and claim that their wrongful discharge claims accrued when reviewed by the NDRB in 1981 and 1982 and were filed well within the statute of limitations. *Mathis v. United States,* 183 Ct.Cl. at 148, 391 F.2d at 939, and *Kirby v. United States,* 201 Ct.Cl. at 531, however, made clear that the rule in wrongful discharge cases differs from the rule in disability retirement cases. In the former type of case, the cause of action accrues immediately upon removal.

In short, plaintiffs' claims for wrongful discharge and accompanying monetary relief were barred long before their applications to the NDRB. Plaintiffs' subsequent applications to the NDRB were permissive and did not toll or defer the statute of limitations. *Ramsey v. United States,* 215 Ct.Cl. at 1043, 578 F.2d 1388.[3]

**2.** The Court of Claims in *Ramsey v. United States,* 215 Ct.Cl. at 1043, 578 F.2d 1388, noted that where a plaintiff's claim had been barred by limitations, the judicial claim vindicable in this court had expired despite the possibility of subsequent wrongful conduct by the Secretary.

**3.** Because the statute of limitations is dispositive, the court does not reach the issue of laches.

The court notes that although the six-year statute of limitations for civil suits is not al-

ways applied uniformly by other courts, enforcement is stringent with respect to monetary claims. For example, the court of appeals in *Baxter v. Claytor,* No. 77–1984 (D.C.Cir. Dec. 19, 1978), *vacated on other grounds,* 652 F.2d 181 (D.C.Cir.1981), distinguished between the three types of civil actions available to military and former military persons who had been discharged less than honorably or court-martialed and sought redress. These were habeas corpus actions for relief, actions for monetary relief to

 This court also lacks jurisdiction over plaintiffs' due process and equal protection claims because they do not obligate the government to pay money damages. *See Clark v. United States,* 226 Ct.Cl. 658 (1981); *Carruth v. United States,* 224 Ct.Cl. 422, 627 F.2d 1068 (1980). Jurisdiction is lacking, as well, over plaintiffs' FOIA claims. Congress explicitly vested that jurisdiction in the United States district courts. 5 U.S.C. § 552(a)(4)(B), 552a(g)(1) (1982); *see Gaines v. United States,* 226 Ct.Cl. 691 (1981).

 Unlike a claim for money judgment, a denial of corrective action by a discharge review board is reviewable in federal court if timely filed under 10 U.S.C. § 1553 (1976). *See Ballenger v. Secretary,* 708 F.2d 349 (8th Cir.1983); *Neal v. Secretary,* 639 F.2d 1029, 1036–37 (3d Cir.1981); *Matlovich v. Secretary,* 591 F.2d 852, 859 (D.C. Cir.1978); *Sanford v. United States,* 399 F.2d 693, 694 (9th Cir.1968); *Van Bourg v. Nitze,* 388 F.2d 557 (D.C.Cir.1967); *Ashe v. McNamara,* 355 F.2d 277, 281 (1st Cir.1965). 'Although this court cannot consider plaintiffs' wrongful discharge claims, plaintiffs are not precluded from seeking action to correct their records in federal district court. The court concludes that it is in the interest of justice to transfer the non-monetary, record correction, and constitutional aspects of this case to a district court pursuant to the Federal Courts Improvement Act of 1982, Pub.L. No. 97–164, § 301(a), 96 Stat. 55 (to be codified at 28 U.S.C. § 1631).

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to dismiss without prejudice is denied, defendant's motion for summary judgment is granted because subject matter jurisdiction is lacking in this court, and the Clerk of the Court is directed to transfer the complaint to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. § 1631, for such further proceedings as it deems appropriate.

---

recover damages or pay and benefits illegally withheld because of the discharge, and actions solely for the correction of less than honorable discharges. The D.C. Circuit observed that the statute of limitations was construed strictly in actions for monetary relief, but petitions for habeas corpus consistently have been held not to be subject to time bars. *Id.* Many ·courts have allowed time-barred corrective actions. *See, e.g., Warner v. Flemings,* 413 U.S. 665, 93 S.Ct. 2926, 37 L.Ed.2d 873 (1973); *Homcy v. Resor,* 455 F.2d 1345 (D.C.Cir.1971).

The court in *Mulvaney v. Stetson,* 470 F.Supp. 725, 730 (N.D.Ill.1979), held in a correction action that where an Air Force correction board had made a decision two years before the action was filed, the action was not barred by the six-year statute of limitations. However, the court also held that the plaintiff's claim for money damages, arising from the same facts as the corrective action, accrued upon separation and was fatally time barred.