43 F.3d 1485
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Susan R. FRASIER, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 94-5131.
 United States Court of Appeals, Federal Circuit.
 Dec. 6, 1994.
 
 Before MAYER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and PLAGER, Circuit Judge.
 ON MOTION
 PER CURIAM.
 
 ORDER
 
 1
 The United States moves for summary affirmance of the Court of Federal Claims' decision dismissing Susan R. Frasier's complaint for lack of jurisdiction. Frasier opposes. Frasier moves (1) to vacate this court's September 12, 1994 order,[1] (2) "for an order declaring certain matters of controversy in this action as unconstitutional and granting the certification of federal questions in preparation for review by the Supreme Court," (3) "to reinstate appellants brief, petition for writs, and motions which were filed with the brief," (4) to assign to her case a judge "who has not had in their prior career background ... representations of the United States as an employee in the U.S. Justice Department" or "representation of the United States as an employee of the U.S. Department of Defense or any other agency" and who is not "tied by comradery and career loyalty (leading to personal profit by employment promotions) to the New York State Bar Association," (5) for an "automatic time extension for the remainder of this case," (6) "for an order commencing the judicial misconduct review and disqualifications proceedings against Judge James Merow of the U.S. Court of Federal Claims," and (7) "for an order dismissing the defense counsel representing the defendants in this action and dismissing the defense entered by Judge James Merow on behalf of defense counsel."[2]
 
 
 2
 Frasier filed a complaint in the Court of Federal Claims on May 4, 1994. On May 25, 1994, the Court of Federal Claims, sua sponte, dismissed Frasier's complaint for lack of jurisdiction. The Court of Federal Claims stated:
 
 
 3
 The Court of Federal Claims thereafter denied Frasier's postjudgment motions.[3] Frasier appealed to this court.
 
 
 4
 Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). In the present case, it is clear that summary disposition is warranted. In her brief, Frasier has not identified any portion of her complaint that is within the jurisdiction of the Court of Federal Claims under 28 U.S.C. Sec. 1491. No substantial question has been raised regarding the Court of Federal Claims' determination that Frasier's complaint did not plead any cause within that court's jurisdiction. Thus, summary affirmance is appropriate. Frazier's motions are without merit.
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The United States' motion for summary affirmance is granted.
 
 
 7
 (2) Frasier's motions are denied.
 
 
 8
 (3) Each side shall bear its own costs.
 
 
 9
 As a result of plaintiff's pro se status and request for appointment of counsel, the material filed has been closely examined.
 
 
 10
 Plaintiff details her unsuccessful efforts to have a psychiatric review technique form removed from the record of the proceedings by which she successfully obtained entitlement to social security disability benefits.
 
 
 11
 Plaintiff pleads entitlement to relief under the Privacy Act, 5 U.S.C. Sec. 552a, and under the Due Process Clause of the 14th Amendment of the United States Constitution. Asserted violations of Title 18, United States Code are also alleged.
 
 
 12
 The U.S. Court of Federal Claims does not have jurisdiction over Privacy Act matters. Gaines v. United States, 226 Ct.Cl. 691, 692 (1981); Schmidt v. United States, 3 Cl.Ct. 190, 194 (1983); Rogers v. United States, 15 Cl.Ct. 692, 698 (1988), aff'd 878 F.2d 1447 (Fed.Cir.1989).
 
 
 13
 Also, the jurisdiction of the U.S. Court of Federal Claims does not extend to claims for money based on alleged violations of the Due Process Clauses of the Constitution. Montalvo v. United States, 231 Ct.Cl. 980, 982-83 (1982).
 
 
 14
 The U.S. Court of Federal Claims is empowered to grant equitable relief, such as correction of a record, only as an incident of and collateral to the entry of a money judgment. 28 U.S.C. Sec. 1491(a)(2). Thus, where no jurisdiction is present to grant a monetary judgment, no jurisdiction is present for the U.S. Court of Federal Claims to grant collateral equitable relief. Austin v. United States, 206 Ct.Cl. 719, 723, cert. denied, 423 U.S. 911 (1975).
 
 
 15
 Accordingly, as upon a careful review of the materials filed in this matter, no claim within the jurisdiction of the U.S. Court of Federal Claims has been pleaded, it is concluded that to provide for further proceedings would simply cause a waste of valuable resources for all concerned.
 
 
 16
 In the above circumstances, it is ORDERED that the complaint shall be dismissed with no costs as no matter within the Court's jurisdiction has been pleaded.
 
 
 
 [1]
 The September 12 order concerned Frasier's brief. Frasier's brief was later accepted for filing
 
 
 [2]
 Frasier directed the motions to a particular circuit judge of this court. Pursuant to this court's procedures, the motions have been assigned to this month's motions panel
 
 
 [3]
 The Court of Federal Claims further explained:
 [A]s noted in the Order, filed May 25, 1994, the Due Process Clause of the Constitution does not provide a basis for a money claim against the United States in this court. While a 1982 case was cited for this principle in the May 25, 1994 Order, the more recent case of Black v. United States, 28 Fed.Cl. 177, 186 (1993) also explains the point as follows:
 Although plaintiff seeks money damages against the United States based on statutory grounds, the Due Process Clause does not provide an additional cause of action. United States v. Connolly, 716 F.2d 882, 887 (Fed.Cir.1983). See generally Eastport S.S. Corp. v. United States, 372 F.2d 1002, 178 Ct.Cl. 599 (1967).