James Aggrey–Kweggyirr ARUNGA,
et al., Plaintiff,

v.

William Jefferson CLINTON,
et al., Defendant.

No. 07–358C.

United States Court of Federal Claims.

June 14, 2007.

James Aggrey–Kweggyirr Arunga, Sacramento, California, pro se.

### ORDER

HORN, Judge.

### FINDINGS OF FACT

The plaintiff, James A. Arunga, filed a 38–page complaint in this court on June 6, 2007, together with an application to proceed *In Forma Pauperis*. In his *In Forma Pauperis*

application, plaintiff describes the nature of his action as a "Civ Class Action Collateral Deterrent Retribution(s) to, collectively, enumerated defendants. United States Constitution, Article VI, Section 2; Habeas Corpus de jure." Among plaintiff's allegations are: that defendants "creat [sic] criminal activities and civil violations, against plaintiff, Arunga, and all others, similarly, situated to issue[.]" Plaintiff requests that the court grant him a federal civil class action and seeks judgment for $1.5 billion in actual and punitive damages.

In his complaint, Mr. Arunga lists more than two, single-spaced typed pages of co-plaintiff parties. The list includes: "U.S. Commander–in–Chief & Common Defense National Security Deterrent Program Retributions (to the World Common Enemy or Enemies and Warmongers)"; "extant species of 'We the people of the United States' of America"; a former Speaker of the United States House of Representatives; a former Majority Leader of the United States Senate; and the government of every State, Territory and Commonwealth in the United States; as well as "all others similarly-situated."

Defendants, as listed by the plaintiff, number well over 162 persons/entities and are listed on over ten, single-spaced typed pages. Federal-party defendants include former President William Jefferson Clinton; several members of the United States House of Representatives and United States Senate; officials of a United States Court of Appeals; officials at federal government agencies; several sitting justices on the United States Supreme Court; and several representatives governmental and non-governmental "Mail-Carriers/Deliverers." State defendants listed by the plaintiff include state judiciary branches; several state legislatures and legislators; two county boards of commissioners; a city government; and several local emergency medical services (EMS) and fire departments. Private-party defendants include representatives of private, nongovernmental corporations; private, non-governmental businesses and corporations; private, non-governmental publication companies; a private, non-governmental financial lender; a private, non-governmental energy utility; a private, non-governmental insurance marketer and administrator; several private, non-governmental family planning clinics; private, non-governmental universities, research institutes, and university professors; several private labor and professional associations; several private political action organizations; and national and state political parties. These defendants also include several individuals residing in the United States, including many of the plaintiff's former neighbors, an "Un leashed Dogs' Owner" and "Landscappers/Gardeners [sic]." Among the clearest of plaintiff's allegations against the defendants is that they are "collectively and individually organized criminals and[/]or civil violators." Moreover, according to the plaintiff, the defendants "threaten all extant species of plaintiffs—'we the people and embryos,' similarly, situated."

The body of plaintiff's complaint, following the lists of plaintiffs and defendants, is titled "FIRST CAUSALITY: RETALIATORY COVER–UP CONFINEMENTS," and alleges:

> Without Due Process of Law nor meritorious probable cause but, the defendant organized crimes and their retaliatory cover-up confinements led defendants to terminate plaintiff 7–year federally subsidized tenancy, to issue collateral civil procedure for plaintiff, Arunga, to challenge the legality of the defendant confinement-notice. Habeas Copus [sic] de jure.

Plaintiff includes, in the papers he filed with the court, a copy of a notice sent to plaintiff on May 24, 2007 by the Owner/Agent of a building in Carmichael, California, in which plaintiff appears to have been a residential tenant. In the document, plaintiff was informed that his "tenancy of the premises is terminated effective at the end of a Nity [sic] 90 day period after service on [him] of this notice, or 8/24/07 whichever is later." In his claim, plaintiff alleges that he is a "male-man, disabled senior citizen, at the age of over 69 years; ... has paid, timely and fully, all 7 years' rents, and does not owe defendants any single penny...." Plaintiff did not present the court with any evidence to support jurisdiction in this federal court.

Plaintiff's "SECOND CAUSALITY: RE-TALIATORY OCHLOCRATIZED DIS-CRIMINATIONS" appears to allege that "CHURCH–STATE practice is unAmerican[,]" stating that the "[s]eparation of church and state is n I h I l I s t [sic] litigation and argument[.]" Among many of the allegations, plaintiff states that "ABORTION, IN VARIEGATED FORMS, is crime-practice and unAmerican criminal activities threatening and endangering plaintiffs 'We the people' species of 'ourselves and our posterity, similarly, situated.'" Plaintiff also alleges that same-sex relationships "are nondelegated, hardly–delegatable, and unrserved [sic] practices to the United States and Union-states of, by, and for plaintiffs 'We the people' species, similarly situated in the United States of America [sic]." Plaintiff further alleges that specified defendants' "sexual orientation act and 'don't ask-don't tell' sodom directive are both: criminal practices; un-American actions not reserved to operate sodomy and Gomorrah-bagnios, in the Union-states and in the United States of America [sic]...." Plaintiff alleges that "[b]efore or thereabout between September 1, 1958 to January 2, 2009, defendants, collectively and individually, ... did knowingly conspire with one another, known and unknown, to commit nihilist offenses establishing cult-ochlocracy against the United States of America—The Community of God's Believers [sic]."

Plaintiff's "THIRD CAUSALITY: RETALIATORY CULT–OCHLOCRAT NIHILISM OF DEFENDANTS NUMBERED FROM 1–162" represents over three, double-spaced pages of individual allegations, including assertions regarding abortion; embryonic cloning; stem cell practices; same-sex relationships; private labor associations; family planning organizations; and "littering plaintiff mailbox, by unsolicited mail," and alleges that these constitute "federal crimes, and are neither reserved for the states of the Union of the United States Government."

## DISCUSSION

■ Subject matter jurisdiction may be challenged at any time by the parties, by the court *sua sponte*, and even on appeal. *See Fanning, Phillips, Molnar v. West*, 160 F.3d 717, 720 (Fed.Cir.1998) (quoting *Booth v. United States*, 990 F.2d 617, 620 (Fed.Cir.), *reh'g denied* (1993)); *United States v. Newport News Shipbuilding and Dry Dock Co.*, 933 F.2d 996, 998 n. 1 (Fed.Cir.1991). "In fact, a court has a duty to inquire into its jurisdiction to hear and decide a case." *Special Devices, Inc. v. OEA, Inc.*, 269 F.3d 1340, 1342 (Fed.Cir.2001) (citing *Johannsen v. Pay Less Drug Stores N.W. Inc.*, 918 F.2d 160, 161 (Fed.Cir.1990)); *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 115 F.3d 962, 963 (Fed.Cir.1997) ("[C]ourts must always look to their jurisdiction, whether the parties raise the issue or not.").

Pursuant to Rule 8(a)(1) of the United States Court of Federal Claims (RCFC) and Rule 8(a)(1) of the Federal Rules of Civil Procedure, a plaintiff need only state in the complaint "a short and plain statement of the grounds upon which the court's jurisdiction depends...." RCFC 8(a)(1); Fed.R.Civ.P. 8(a)(1). However, "[d]etermination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." *Holley v. United States*, 124 F.3d 1462, 1465 (Fed.Cir.), *reh'g denied* (1997) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). Nevertheless, "conclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss." *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir.1981), *aff'd*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983); *Bradley v. Chiron Corp.*, 136 F.3d 1317, 1322 (Fed.Cir. 1998) ("Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim.").

When deciding a case based on a lack of subject matter jurisdiction, this court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Boise Cascade Corp. v. United States*, 296 F.3d 1339, 1343 (Fed. Cir.2002), *cert. denied*, 538 U.S. 906, 123

S.Ct. 1484, 155 L.Ed.2d 226 (2003); *Pixton v. B & B Plastics, Inc.,* 291 F.3d 1324, 1326 (Fed.Cir.2002); *Commonwealth Edison Co. v. United States,* 271 F.3d 1327, 1338 (Fed. Cir.2001) (quoting *New Valley Corp. v. United States,* 119 F.3d 1576, 1580 (Fed.Cir. 1997)), *cert. denied,* 535 U.S. 1096, 122 S.Ct. 2293, 152 L.Ed.2d 1051 (2002); *Boyle v. United States,* 200 F.3d 1369, 1372 (Fed.Cir. 2000); *Perez v. United States,* 156 F.3d 1366, 1370 (Fed.Cir.1998); *Highland Falls–Fort Montgomery Cent. School Dist. v. United States,* 48 F.3d 1166, 1167 (Fed.Cir.1995) (citing *Gould, Inc. v. United States,* 935 F.2d 1271, 1274 (Fed.Cir.1991)), *cert. denied,* 516 U.S. 820, 116 S.Ct. 80, 133 L.Ed.2d 38 (1995); *Henke v. United States,* 60 F.3d 795, 797 (Fed.Cir.1995); *Hamlet v. United States,* 873 F.2d 1414, 1416 (Fed.Cir.1989); *Ho v. United States,* 49 Fed.Cl. 96, 100 (2001), *aff'd,* 30 Fed.Appx. 964 (Fed.Cir.2002); *Alaska v. United States,* 32 Fed.Cl. 689, 695 (1995), *appeal dismissed,* 86 F.3d 1178 (Fed.Cir. 1996) (table).

■ The court acknowledges that the plaintiff is proceeding *pro se.* Normally, *pro se* plaintiffs are entitled to liberal construction of their pleadings. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), *reh'g denied,* 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972); *See also Hughes v. Rowe,* 449 U.S. 5, 9–10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), *reh'g denied,* 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1977). The United States Court of Appeals for the Federal Circuit has similarly stated that "the pleadings of *pro se* litigants should be held to a lesser standard than those drafted by lawyers when determining whether the complaint should be dismissed for failure to state a claim because '[a]n unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims.'" *Forshey v. Principi,* 284 F.3d 1335, 1357 (Fed.Cir.2002) (quoting *Hughes v. Rowe,* 449 U.S. 5, 15, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980)), *cert. denied,* 537 U.S. 823, 123 S.Ct. 110, 154 L.Ed.2d 33 (2002). However, "there is no 'duty [on the part] of the trial court ... to create a claim which appellant has not spelled out in his pleading....'" *Scogin v. United States,* 33 Fed.Cl. 285, 293 (1995) (quoting *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir.1975)) (alterations in original); *see also Minehan v. United States,* 75 Fed. Cl. 249, 253 (2007). " 'A complaint that is ... confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation....'" *Scogin v. United States,* 33 Fed.Cl. at 293 (quoting *Vicom, Inc. v. Harbridge Merch. Servs., Inc.,* 20 F.3d 771, 775–76 (7th Cir.1994)) (alterations in original and citations omitted); *See also Merritt v. United States,* 267 U.S. 338, 341, 45 S.Ct. 278, 69 L.Ed. 643 (1925) ("The petition may not be so general as to leave the defendant in doubt as to what must be met.") (citations omitted). "This latitude, however, does not relieve a *pro se* plaintiff from meeting jurisdictional requirements." *Bernard v. United States,* 59 Fed.Cl. 497, 499, *aff'd,* 98 Fed.Appx. 860 (Fed.Cir.), *reh'g denied* (2004).

In order for this court to have jurisdiction over a plaintiff's complaint, the Tucker Act requires that the plaintiff identify an independent substantive right enforceable against the United States for money damages. *See* 28 U.S.C. § 1491 (2000). The Tucker Act states:

The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

As interpreted by the United States Supreme Court, this Act waives sovereign immunity to allow jurisdiction over claims (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the govern-

ment or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. *See United States v. Testan,* 424 U.S. 392, 400, 96 S.Ct. 948, 47 L.Ed.2d 114, *reh'g denied,* 425 U.S. 957, 96 S.Ct. 1736, 48 L.Ed.2d 202 (1976) (citing *Eastport Steamship Corp. v. United States,* 178 Ct.Cl. 599, 605–06, 372 F.2d 1002, 1009 (1967)); *see also Palmer v. United States,* 168 F.3d 1310, 1314 (Fed.Cir.1999); *Stinson, Lyons & Bustamante, P.A. v. United States,* 33 Fed.Cl. 474, 478 (1995), aff'd, 79 F.3d 136 (Fed.Cir.1996). A waiver of traditional sovereign immunity cannot be implied but must be "unequivocally expressed." *INS v. St. Cyr,* 533 U.S. 289, 299 n. 10, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001); *see also United States v. Nordic Village, Inc.,* 503 U.S. 30, 33, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992); *Ins. Co. of the West v. United States,* 243 F.3d 1367, 1372 (Fed.Cir.), *reh'g* and *reh'g en banc denied* (2001); *Saraco v. United States,* 61 F.3d 863, 864 (Fed.Cir.1995) (quoting *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969)), *cert. denied,* 517 U.S. 1166, 116 S.Ct. 1565, 134 L.Ed.2d 665 (1996).

The Tucker Act, however, merely confers jurisdiction on the United States Court of Federal Claims; " 'it does not create any substantive right enforceable against the United States for money damages.' " *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (quoting *United States v. Testan,* 424 U.S. at 398–99, 96 S.Ct. 948), *reh'g denied,* 446 U.S. 992, 100 S.Ct. 2979, 64 L.Ed.2d 849 (1980); *White Mountain Apache Tribe v. United States,* 249 F.3d 1364, 1372 (Fed.Cir.2001), aff'd, 537 U.S. 465, 123 S.Ct. 1126, 155 L.Ed.2d 40 (2003); *Cyprus Amax Coal Co. v. United States,* 205 F.3d 1369, 1373 (Fed.Cir.2000), *cert. denied,* 532 U.S. 1065, 121 S.Ct. 2214, 150 L.Ed.2d 208 (2001); *New York Life Ins. Co. v. United States,* 118 F.3d 1553, 1555–56 (Fed.Cir. 1997), *cert. denied,* 523 U.S. 1094, 118 S.Ct. 1559, 140 L.Ed.2d 792 (1998); *United States v. Connolly,* 716 F.2d 882, 885 (Fed.Cir.1983) (en banc), *cert. denied,* 465 U.S. 1065, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984). Individual claimants, therefore, must look beyond the jurisdictional statute for a waiver of

sovereign immunity. *United States v. Mitchell,* 445 U.S. at 538, 100 S.Ct. 1349. In order for a claim to be successful, the plaintiff "must also demonstrate that the source of law relied upon 'can fairly be interpreted as mandating compensation by the federal government for the damages sustained.' " *White Mountain Apache Tribe v. United States,* 249 F.3d at 1372 (quoting *United States v. Mitchell,* 463 U.S. 206, 216–17, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983)); *United States v. Testan,* 424 U.S. at 400, 96 S.Ct. 948; *Tippett v. United States,* 185 F.3d 1250, 1254 (Fed. Cir.1999) ("[T]he plaintiff must assert a claim under a separate money-mandating constitutional provision, statute, or regulation, the violation of which supports a claim for damages against the United States.") (quoting *James v. Caldera,* 159 F.3d 573, 580 (Fed.Cir.1998), *reh'g denied* (1999)); *Doe v. United States,* 100 F.3d 1576, 1579 (Fed.Cir.1996), *reh'g and reh'g en banc denied* (1997); *Eastport Steamship Corp. v. United States,* 178 Ct.Cl. at 607, 372 F.2d at 1009.

▮ Although the court has carefully reviewed each of the many allegations in plaintiff's lengthy complaint, only a few are mentioned in this Order by way of example. The allegations all, however, fit into one of the categories discussed below, all of which are outside the jurisdiction of this court. First, plaintiff's complaint asserts claims for money against several state, county, and local governments and agencies, as well as private-party persons and entities. Moreover, the basis of plaintiff's "First Causality" appears to be a claim for wrongful eviction against plaintiff's private-party landlord and does not involve a federal-party defendant. When a plaintiff's complaint names private parties, or local, county, or state agencies, rather than federal agencies, this court has no jurisdiction to hear those allegations. *See Stephenson v. United States,* 58 Fed.Cl. 186, 190 (2003) ("[T]he only proper defendant for any matter before this court is the United States, not its officers, nor any other individual."). The jurisdiction of this court extends only to suits against the United States. *United States v. Sherwood,* 312 U.S. 584, 588,

61 S.Ct. 767, 85 L.Ed. 1058 (1941) ("[I]ts jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States, ... and if the relief sought is against others than the United States, the suit as to them must be ignored as beyond the jurisdiction of the court.") (citations omitted); *Brown v. United States,* 105 F.3d 621, 624 (Fed.Cir.), *reh'g denied* (1997); *Berdick v. United States,* 222 Ct.Cl. 94, 99, 612 F.2d 533, 536 (1979); *Nat'l City Bank v. United States,* 143 Ct.Cl. 154, 164, 163 F.Supp. 846, 852 (1958) ("It is well established that the jurisdiction of this court extends only to claims against the United States, and obviously a controversy between private parties could not be entertained."); *Sindram v. United States,* 67 Fed.Cl. 788, 794 (2005) (noting that the jurisdiction of the United States Court of Federal Claims is confined to cases against the United States); *Kennedy v. United States,* 19 Cl.Ct. 69, 75 (1989) ("If the relief sought is other than a money judgment against the United States, the suit must be dismissed; and if the relief sought is against others than the United States, the suit as to them must be ignored as beyond the jurisdiction of the Court."). Therefore, to the extent that the plaintiff is bringing a claim against a defendant other than the United States, or an employee of the United States, as appears to be the case in the complaint brought by the plaintiff to this court, the complaint must be dismissed pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction.

■ The court also is without jurisdiction to hear plaintiff's claims pursuant to the due process clause of the Fifth Amendment to the Constitution. Plaintiff alleges a violation of his rights to due process and fair treatment in dealings with the federal government. *See. In re Winship,* 397 U.S. 358, 359, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). The Fifth Amendment to the United States Constitution states as follows:

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

U.S. Const. amend. V. By its terms, the due process clause, however, does not create a cause of action for money damages against the United States. *Carruth v. United States,* 224 Ct.Cl. 422, 435, 627 F.2d 1068, 1081 (1980); *Noel v. United States,* 16 Cl.Ct. 166, 169 (1989); *Meincke v. United States,* 14 Cl.Ct. 383, 386 (1988); *Schmidt v. United States,* 3 Cl.Ct. 190, 194 (1983). Accordingly, this court lacks jurisdiction to grant relief for claims based on the constitutional guarantees of due process, in the Fifth Amendment to the Constitution, absent a statute which accords a plaintiff the right to claim such a monetary award. *Montego Bay Imports, Ltd. v. United States,* 10 Cl.Ct. 806, 809 (1986). Accordingly, this court does not have jurisdiction to entertain plaintiff's due process claims.

■ To the extent that plaintiff's second and third "causalities" allege discrimination and civil rights violations, the court lacks jurisdiction to hear plaintiff's claims. It appears that plaintiff is alleging deprivation of his civil rights under 42 U.S.C. § 1983 (2000). Section 1983 permits "any citizen of the United States or other person within the jurisdiction thereof" to seek redress at either law or equity for "deprivation of any rights, privileges, or immunities secured by the Constitution and laws...." However, jurisdiction over section 1983 claims are conferred exclusively on United States District Courts. *See* 28 U.S.C. § 1343(a)(4) (2000) ("(a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person.... (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights...."). Accordingly, this court does not have jurisdiction to hear plaintiff's claims arising under 42 U.S.C. § 1983. *See also Doe v. United States,* 74 Fed.Cl. 794, 798 (2006).

■ To the extent that plaintiff's second and third "causalities" sound in tort, the court also lacks jurisdiction to hear plaintiff's claim. The Tucker Act expressly excludes tort claims from the jurisdiction of the United States Court of Federal Claims. 28 U.S.C. § 1491(a)(1); *See Keene Corp. v. United States*, 508 U.S. 200, 214, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993); *Alves v. United States*, 133 F.3d 1454, 1459 (Fed.Cir.1998); *Brown v. United States*, 105 F.3d 621, 623 (Fed.Cir.), *reh'g denied* (1997); *Golden Pacific Bancorp. v. United States*, 15 F.3d 1066, 1070 n. 8 (Fed.Cir.), *cert. denied*, 513 U.S. 961, 115 S.Ct. 420, 130 L.Ed.2d 335 (1994); *Agee v. United States*, 72 Fed.Cl. 284, 290 (2006); *Zhengxing v. United States*, 71 Fed. Cl. 732, 739, *aff'd*, 204 Fed.Appx. 885 (Fed. Cir.), *reh'g denied* (2006).

In reviewing the jurisdiction of this court, the United States Court of Appeals for the Federal Circuit has stated:

> It is well settled that the United States Court of Federal Claims lacks—and its predecessor the United States Claims Court lacked—jurisdiction to entertain tort claims. The Tucker Act expressly provides that the "United States Court of Federal Claims shall have jurisdiction ... in cases *not* sounding in tort." 28 U.S.C. § 1491(a)(1) (1988) (emphasis added), *as amended by* Federal Courts Administration Act of 1992, Pub.L. No. 102–572, § 902(a), 106 Stat. 4506; *See Aetna Casualty and Surety Co. v. United States*, 228 Ct.Cl. 146, 655 F.2d 1047, 1059 (1981).

*Shearin v. United States*, 992 F.2d 1195, 1197 (Fed.Cir.1993). Accordingly, for this independent reason, also, this court does not possess subject matter jurisdiction to hear the plaintiff's claims.

■ To the extent that plaintiff's second and third "causalities" allege criminal violations, this court lacks jurisdiction to adjudicate criminal claims. *See Joshua v. United States*, 17 F.3d 378, 379 (Fed.Cir.1994); *see also McCullough v. United States*, 76 Fed.Cl. 1, 4 (2006), *appeal dismissed on procedural grounds*, No. 07–5039, 2007 WL 1655236 (Fed. Cir. June 6, 2007) (finding that the court lacked jurisdiction to consider plaintiff's criminal claims). Accordingly, similarly

for this independent reason, this court does not possess subject matter jurisdiction to hear the plaintiff's claims.

■ Finally, it appears that the plaintiff is requesting the court to issue a writ of habeas corpus. This court, however, lacks jurisdiction to grant petitions for habeas corpus. *See* 28 U.S.C. § 2241(a) (2000) ("Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."); *Ledford v. United States*, 297 F.3d 1378, 1381 (Fed.Cir.2002) ("[T]he habeas statute does not list the Court of Federal Claims among those courts empowered to grant a writ of habeas corpus ...."); *see also Matthews v. United States*, 72 Fed.Cl. 274, 283, *reh'g denied* (2006). Accordingly, for this independent reason, also, this court does not possess subject matter jurisdiction to hear the plaintiff's claims.

## CONCLUSION

For the foregoing reasons, plaintiff's complaint is **DISMISSED**, with prejudice, for lack of subject matter jurisdiction. The clerk's office shall enter **JUDGMENT** consistent with this opinion.

**IT IS SO ORDERED.**